FOSTER PIPPEN V. THE STATE.

No. 16558. Delivered April 18, 1934.

The opinion states the case.

*W. W. Arnold, Rex Poston,* and *J. E. Winfree,* Jr., all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin. for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement; the punishment, confinement in the penitentiary for four years.

D. E. Riddle was the manager of one of the stores of J. Wein-

garten, Incorporated. Riddle and others agreed that a fake robbery would be perpetrated and that the money in Riddle's charge would be secured and divided between Riddle and his co-conspirators. The agreement was carried out, the money being taken from the possession of Riddle by appellant and his companions. Appellant received approximately $350.00 of the corporation's money.

Appellant defended on the ground that he was temporarily insane as a result of the combined use of marihuana cigarettes and whisky. He testified that he had no recollection of the transaction resulting in the embezzlement of the corporation's money. The testimony of a physician was to the effect that the combined use of marihuana and whisky would bring about temporary insanity. A doctor testifying for the State, in answer to hypothetical questions, expressed the opinion that the use by appellant of the marihuana cigarettes and whisky under the conditions stated would not cause temporary insanity. Witnesses other than appellant testified to the fact that, prior to the commission of the offense, appellant was drinking heavily and smoking marihuana cigarettes.

The court submitted an instruction on insanity produced by the recent use of marihuana cigarettes. Thereafter the jury were instructed that evidence of temporary insanity produced by recent use of ardent spirits might be introduced in mitigation of the penalty. Nowhere in the charge were the jury instructed that if appellant's mind was rendered insane by the combined recent use of marihuana cigarettes and intoxicating liquor, and that on such account he was not capable of forming the intent necessary to commit the offense, he would not be guilty of said offense. Appellant timely and properly excepted to the charge for its failure to embrace the instruction last mentioned. In failing to respond to the exception the trial court fell into error. We quote from Edwards v. State, 43 S. W., 112, as follows: "and we go further, and hold that, if his mind was rendered insane by the combined recent use of cocaine and morphine and intoxicating liquors, and that on such account he was not capable of forming the intent necessary to constitute an assault with intent to murder, he would not be guilty of said offense. We believe it is a correct legal principle, where there is insanity produced by other causes in conjunction with the recent use of intoxicating liquor, that an act done in such a state of mind cannot be attributed solely to the recent use of intoxicating liquors."

See also Lawrence v. State, 143 S. W., 636; Collins v. State, 259 S. W., 941.

Appellant filed an application for a suspended sentence. While

he was being cross-examined by the district attorney appellant was asked if he had not been arrested with one Vickers in the city of Houston and found in possession of a pistol. Over his objection, appellant testified that he had been arrested with Vickers but that he did not at the time have a pistol in his possession. The transaction resulting in the arrest of appellant and Vickers was entirely disconnected from the present transaction. The fact that appellant had filed an application for a suspended sentence did not authorize the State to prove that he had been arrested for carrying a pistol. Arrest or conviction for carrying a pistol does not impute moral turpitude. Thus, the testimony was not admissible for the purpose of impeaching appellant. Again, the filing of the application for a suspended sentence did not authorize the State to prove appellant's arrest for carrying a pistol. See Bryant v. State, 292, S. W. 882.

We think it was improper for the court to permit the district attorney, over appellant's objection, to ask appellant's character witnesses if they would have testified to his good character had they known or heard that he had committed the offense for which he was on trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.