IVOR AUTRY, *alias* FLOYD DAVIS V. STATE.

No. 26,828. February 17, 1954.

*Craven & Hand,* by *V. P. Craven,* Weatherford, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder; the punishment, twenty-five years.

A recitation of the facts will not be deemed necessary other than to observe that deceased had been directing his attentions towards the appellant's wife and that she had reciprocated to the extent that she contemplated leaving the appellant and had discussed with him her proposed marriage with the deceased. A few days prior to the homicide the deceased was shown to have said that he loved the appellant's wife and was going to have her. The proof showed that they met on a country road, and the killing occurred.

While appellant was testifying in his own behalf, he was asked on cross-examination if he had plead guilty to the offense of carrying a pistol in Tahoka and had been found guilty of the offense of aggravated assault on the same day.

The state concedes that the trial court committed error in overruling the appellant's objections to these questions and in requiring the appellant to answer the questions in the affirmative, but contends that this became harmless error when the appellant on re-direct examination explained to the jury the details of those offenses in order to show that he was justified in his actions on the day in question.

It is the general rule that the admission of improper evidence is not reversible error if the same facts were proven by other testimony to which no objection was made.

We must determine if that rule has application here. In this case, the state had improperly introduced, over appellant's objection, proof of prior convictions for misdemeanors not involving moral turpitude. This is error. Pippen v. State, 126 Tex. Cr. Rep. 163, 70 S. W. 2d 598. Now, must we require the accused to sit mutely before the jury and say that he waives that error when he tries to explain to the jury the circumstances under which he was tried and convicted for those offenses? We think not.

A more serious question is raised by informal Bill of Exception No. 55. On cross-examination of appellant he was questioned, over his objection, about how many brothers he had in California and where they lived. He was then asked,

"Q. Now, Floyd, don't you know that your brother was charged and convicted of rape while they were out there?

The court sustained the objection to this question, but failed to respond to appellant's prompt motion for a mistrial.

In Pope v. State, 123 Tex. Cr. Rep. 576, 59 S. W. 2d 390, we reversed a conviction for neglect of a minor child where the prosecutor asked the mother of the accused if she did not have another son who had gotten into the same kind of trouble.

Appellant has four bills of exception to the court's action in sustaining the state's objection to his cross-examination of the state's first witness, William Galbreath. The witness heard

the shots fired and arrived upon the scene a few moments thereafter, was the first person to see the accused after the homicide, and had known him for years. Appellant tried to elicit from the witness his opinion as to the appellant's sanity on that occasion. We think the evidence was admissible.

Upon another trial we trust that the question of the presence of an unauthorized person with the jury will not arise and the appellant will have the benefit of the newly discovered evidence set forth in his motion for new trial.

The judgment is reversed and the cause remanded.