Acie COOK, Appellant,

v.

The STATE of Texas, Appellee.

No. 39948.

Court of Criminal Appeals of Texas.

Dec. 31, 1966.

Richard E. Harrison, Dallas, for appellant.

Henry Wade, Dist. Atty., Curtis D. Glover and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Commissioner.

Upon a jury trial on March 9, 1966, the appellant was found guilty of the possession of marihuana. The punishment was assessed by the jury at fifteen years.

The appellant assigns as error the failure of the trial court to sustain his objection and motion to declare a mistrial when the state introduced in evidence a .38 caliber pistol, and five live shells on the ground that the appellant was on trial for the possession of marihuana and not for the possession of firearms.

The evidence of the state reveals that when Officer Riggs saw a marihuana cigarette in appellant's hand in a night club, he took possession of the cigarette, and on searching the appellant outside of the club he found a .38 caliber pistol containing three live shells and two other live shells in his pocket.

While testifying in his own behalf, the appellant on direct examination stated that the pistol introduced in evidence by the state was his gun and he had it with him when he was arrested by Officer Riggs.

It is a general rule that an accused cannot complain of the admission of testimony when he later testified on direct examination to substantially the same facts. Phillips v. State, 166 Tex.Cr.R. 206, 312 S.W. 2d 644; Hudson v. State, 172 Tex.Cr.R. 565, 361 S.W.2d 388; McCain v. State, Tex. Cr.App., 363 S.W.2d 257; Jenkins v. State, Tex.Cr.App., 367 S.W.2d 343; Long v. State, Tex.Cr.App., 375 S.W.2d 913.

No error appearing, the judgment is affirmed.

Opinion approved by the Court.