Donald Ray ROBBINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 45072.

Court of Criminal Appeals of Texas.

June 14, 1972.

Pat McDowell, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of dangerous drugs with a prior conviction for an offense of the same nature alleged for enhancement; the punishment, five (5) years.

Appellant's first ground of error is that the court "erred in refusing to charge the jury on the law of accommodation."

Undercover agents Sam J. Roberts and James L. Williams testified similarly that Roberts agreed to purchase a quantity of seconal capsules from Helen Carroll, the owner of a truck stop cafe in Dallas, and that the appellant was not present when the agreement was made but arrived shortly thereafter with the pills.

The appellant testified that he was at the cafe on the day in question and phoned Carroll at her home after he saw a car follow her when she left the cafe. He stated that pursuant to Carroll's instructions, he then told the officers whom he had seen at the cafe on other occasions, but hadn't met, that the deal was off, but that he finally went to Carroll's house to pick up the pills. He testified that he went to get the pills because he did not want Carroll "to get picked up with them on her" and because the undercover agents urged him to.

■ We have examined the record and conclude that a fair interpretation of appellant's testimony indicates that the appellant was not acting solely at the behest of the officers but that he was acting primarily to protect his friend Helen Carroll.

In Durham v. State, 162 Tex.Cr.R. 25, 280 S.W.2d 737, this Court propounded the rule defining "accommodation" agents in this manner:

"If an accused is *in no way* interested in behalf of the seller but acts only as agent of the prosecutor he is not guilty of making a sale."

As applied to this case the rule means that appellant's interest in behalf of Helen Carroll [the seller], though not financial, excludes him from the scope of the rule. Therefore, the court did not err in failing to charge on "accommodation" agent. However, we note the court did charge on entrapment.

■ Appellant's second ground of error is that the court permitted the State to question the undercover agent concerning an unrelated extraneous offense involving the sale of additional pills which occurred the following day at the truck stop and in which appellant allegedly participated. The record reflects that the appellant, himself, testified about the events surrounding the second transaction and gave his version of them. The general rule is that an accused may not complain about the admission of testimony when he later testifies on direct examination to substantially the same facts. Cook v. State, Tex.Cr.App., 409 S.W.2d 857; Meadowes v. State, Tex. Cr.App., 368 S.W.2d 203.

■■ Appellant also contends the court should have charged the jury "that if [the] defendant did not have knowledge that he possessed drugs, he should be acquitted." The record reflects the following testimony by the appellant during cross-examination:

"Q  Well, you had no question in your mind that it was pills, did you?

"A  No."

\*  \*  \*  \*  \*  \*

"Q  But you knew he was buying some drugs again that day, didn't you?

"A  Right.

"Q  You didn't have any doubt in your mind, did you?

"A No."

Appellant's own testimony clearly shows that he knew he was dealing with dangerous drugs. The requested charge was properly overruled.

 Appellant next contends that the court erred in refusing his request for a charge on accomplice testimony. Appellant does not indicate the accomplices. We assume he was referring to the undercover agents. However, this Court has uniformly held that an undercover agent, though a volunteer, is not an accomplice so long as he does not bring about the crime. Burns v. State, Tex.Cr.App., 473 S.W.2d 19.

Appellant's fifth ground of error complains of the court's failure to quash the indictment. The alleged offense occurred on July 9, 1969. He claims Article 726d, Vernon's Ann.P.C., under which the appellant was convicted, is unconstitutional in view of the court's holding in White v. State, Tex.Cr.App., 440 S.W.2d 660. In White, supra, the court held a newly enacted portion of that statute unconstitutional but specifically stated that the remainder of the statute "as enacted in 1959 and as amended in 1965 . . . remains in full force and effect." Possession of barbiturates is a crime under the portion of the statute which remained in effect. See Article 726d, Sec. 3(d) (1965).

Appellant next complains that the prosecutor engaged in improper jury argument and cites several portions of the argument in support of his contention. This ground of error does not comply with Art. 40.09, Vernon's Ann.C.C.P., because it does not "set forth separately each ground of error" appellant raises and cannot be considered on appeal. Sierra v. State, Tex. Cr.App., 476 S.W.2d 285.

Last, appellant challenges the sufficiency of the evidence.

The officers testified that the appellant delivered the pills to them after they paid Carroll for them. The appellant testified that he knew the items involved in the transactions were pills but that he participated in the venture to help his friend and because the officers asked him to. The evidence is sufficient to support the conviction.

Finding no reversible error, the judgment is affirmed.