Julian C. ALVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 46053.

Court of Criminal Appeals of Texas.

April 25, 1973.

Rehearing Denied Oct. 10, 1973.

Second Rehearing Denied July 17, 1974.

Vern F. Martin, Midland, for appellant.

James A. Mashburn, Dist. Atty., and Jerry Buckner, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This is an appeal from a conviction of murder with malice. Punishment was assessed at thirty-five years.

The sufficiency of the evidence is not challenged. The evidence, including testimony of the appellant, reflected that appellant shot and killed deceased in the Montanez Bar in Midland about 9:00 p.m. on September 5, 1971.

Prior to the introduction in evidence of appellant's confession, the court, in the absence of the jury, held an extensive hearing on the voluntariness and admissibility of the confession, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and by Article 38.22, Vernon's Ann.C.C.P. The record substantiates the court's finding of law and fact that appellant voluntarily made and signed the confession.

■ Owing to the disposition we are making of this case, we need only consider appellant's second ground of error in which he complains of the action of the court in declining to delete from confession a certain sentence, to-wit: "I always carry a pistol with me because I shot and killed a man in Lubbock not too long ago and I am afraid of his people."

As the State was reading the confession to the jury, appellant objected to the admission of the aforementioned sentence because "the next sentence in this thing goes to a matter of an extraneous offense for which this man is not on trial here . . ." The court overruled the objection stating:

"I will let it go in, but you might be running a risk, Mr. Mashburn." [1]

■ Apparently, the court was aware of the fundamental rule of law that one accused of a crime is to be tried for the offense charged and none other. Proof of extraneous crime becomes admissible only as an exception to the rule stated. Hafti v. State, Tex.Cr.App., 416 S.W.2d 824.

■ Exceptions to the rule are recognized where the extraneous crime is a part of the res gestae, or tends to show intent or identity, when either or both are an issue, or tends to connect the defendant with

---

[1]. The prosecuting attorney.

the offense for which he is upon trial. Hafti, supra, at 826; 1 Branch 2d 200, Sec. 188. However, each case must be considered on its own facts as to whether an extraneous offense will be admissible, and each exception to the rule permitting the admission of such testimony must be carefully considered. Franklin v. State, Tex.Cr.App., 488 S.W.2d 826.

The court instructed the jury that evidence of other transactions is admitted only for the purpose of showing identity, intent, motive or scheme. However, the record reflects that identity and intent were not in issue, since the appellant admitted both in his confession and on direct testimony that he shot deceased. See Ford v. State, Tex.Cr.App., 484 S.W.2d 727. By the same token, motive or scheme were not relied upon by the State to justify aforementioned evidence. See Rodriguez v. State, Tex.Cr.App., 486 S.W.2d 355; Grayson v. State, Tex.Cr.App., 481 S.W.2d 859.

The State does not rely on any of the well known exceptions to the general rule that extraneous offenses are inadmissible. In support of the introduction of aforementioned statement, the State argues that since not all deaths entail criminal offenses this statement does not admit to an extraneous offense. However, the fact that the killing was not shown to be a criminal offense does not render the admission of such statement harmless error. See Shaw v. State, Tex.Cr.App., 479 S.W.2d 918.

Additionally, the State relies on Ivory v. State, Tex.Cr.App., 430 S.W.2d 498 and Cook v. State, Tex.Cr.App., 409 S.W.2d 857, for its contention that the appellant cannot complain of the admission of testimony when he later testified on direct examination to substantially the same facts. We recognize the rule of law, but the record before us indicates that appellant did not testify to the complained of extraneous offense. Therefore, the State's reliance on Ivory, supra, and Cook, supra, is misplaced.

While the record does indicate that appellant offered some evidence to raise an issue of self defense, proof of an extraneous offense is in no way probative of appellant's state of mind at the time of the killing in the instant case. Cf. Ford v. State, supra; Rodriguez v. State, supra.

While it is true that the State may introduce the whole confession of the appellant, even though it embraces an extraneous offense, if the offense tends to connect appellant with the crime for which he is on trial, Coomer v. State, 97 Tex.Cr.R. 100, 260 S.W. 568, however evidence tending to show that appellant committed other offenses wholly disconnected with that for which he is on trial should not be admitted. Martinez v. State, 138 Tex.Cr.R. 51, 134 S.W.2d 276.

As a matter of practice, as this Court noted in Martinez, supra, at 277:

. . . The State might easily have pasted a strip of paper over the objectionable portion of the confession and thereby excluded it from the jury."

See also Schepps v. State, Tex.Cr.App., 432 S.W.2d 926, 939.

We therefore hold that the court erred in failing to delete the complained of sentence from the confession when it was read to the jury.

In light of the punishment assessed in this case, this Court cannot agree with the State that the error resulting from the admission of this extraneous offense was harmless to appellant.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

## OPINION

## ON STATE'S MOTION FOR REHEARING

JACKSON, Commissioner.

The State, with leave of this Court, has filed a motion for rehearing, in which the

contention is advanced and argued that the error of the trial court in not deleting from the confession the statement of appellant, "I always carry a pistol with me because I shot and killed a man in Lubbock not too long ago and I am afraid of his people," was rendered harmless because the appellant testified to the same facts on the trial.

In response to questions by his counsel, appellant said the statement in the confession was correct. On cross-examination he reiterated that the reason he carried the pistol was as stated in the confession, that he was afraid some of those people (meaning from Lubbock) would be there. He further testified in answer to questions by his attorney that, referring to the previous trouble, a man hit him with a shovel, from which he had a scar, headaches, and was supposed to have a crushed head; that the reason he came to Midland (where the offense on trial was alleged to have occurred) was because he "was afraid over there."

■ We adhere to the holding in the original opinion that the statement in the confession as to the appellant having killed a man in Lubbock was proof of an extraneous matter, and should have been deleted. The question remains, however, as to whether such error was waived and rendered harmless by the testimony of appellant on the same subject.

In McDuff v. State, 103 Tex.Cr.R. 668, 281 S.W. 1073, a rape case where the State had erroneously proved that defendant had a wife and two children, and he afterwards testified to the same facts, the Court said:

"The difficulty about the state's position is that this testimony by appellant was offered after he had objected to the state going into this matter and after he had had his objections overruled and after prosecutrix had already been permitted to testify that he had a wife and two children. This would rather come under the rule that, when improper testimony is admitted by the state, it is usually not cured because appellant offers other testimony along the same line for the purpose of counteracting the testimony improperly elicited by the state."

In Autry v. State, 159 Tex.Cr.R. 419, 264 S.W.2d 735, this Court said:

"It is the general rule that the admission of improper evidence is not reversible error if the same facts were proven by other testimony to which no objection was made.

"We must determine if that rule has application here. In this case, the State had improperly introduced, over appellant's objection, proof of prior convictions for misdemeanors not involving moral turpitude. This is error. Pippen v. State, 126 Tex.Cr.R. 163, 70 S.W.2d 598. Now, must we require the accused to sit mutely before the jury and say that he waives that error when he tries to explain to the jury the circumstances under which he was tried and convicted for those offenses? We think not."

To the same effect, see Garza v. State, Tex.Cr.App., 397 S.W.2d 847; Buse v. State, Tex.Cr.App., 435 S.W.2d 530.

We, therefore, hold that this error of the court was not cured or rendered harmless by the subsequent testimony of appellant.

The State's motion for rehearing is overruled.

Opinion approved by the Court.

MORRISON, Judge (concurring).

I concur in the opinion prepared by Judge Jackson, but, since I prepared the opinion in Autry v. State, supra, I conclude that it is necessary that I add these observations of my own.

The situation in the case at bar is more nearly like that in Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047. From the opinion in Harrison, supra, it is apparent that the Court concluded that the accused there testified

only in an effort to explain the inadmissible evidence which had been introduced against him. He had made it known prior to the introduction of the inadmissible evidence that he was not going to testify. In this case, it is apparent that appellant had also not intended to testify because when the State rested and after the inadmissible evidence had been introduced appellant's attorney stated to the court:

"Your Honor, I would like for the record to show that I have conferred with the defendant in connection with his *reconsideration* of his prior decision to elect to remain silent in this case. He has indicated to me that he *now* feels that he should go ahead and take the stand. I would like to make it clear from the record that I am not advising him not to do so for the reason that I feel that it is more or less forced as a result of the Court's ruling in connection with the statement that he made, and I don't intend to waive these objections."

It would thus appear that the case at bar is "on all fours" with Harrison v. United States, supra and that Autry v. State, supra, announced a viable rule which applies here.

For the reasons stated, I concur in the opinion overruling the State's Motion for Rehearing.

DOUGLAS, Judge (dissenting).

The State's motion for rehearing should be granted and the conviction affirmed.

The same evidence came in without objection during the cross-examination of the appellant. The appellant testified that the statements in the confession were true.

The appellant testified that his rights were explained to him and that he cooperated with the officers and gave them a confession. He testified that he and three girls went into the bar where the homicide took place. He was asked by his attorney:

"Q. All right, in this statement here, you have said you always carry a pistol with you. And, I gather that you—you also said you took it from under the seat of the car, and took it into that bar with you, is that correct?"

He answered, "Correct." He testified that he tried to renew an acquaintance with a man in the bar, but the man apparently did not recognize appellant and began cursing him and then the shooting occurred.

On cross-examination of the appellant by the district attorney, the following occurred:

"Q. All right. Was the reason that you carried a gun with you when you went down to the Montanez Bar, the reason you stated in that confession?

"A. Yes, sir.

"Q. All right. Were you afraid when you left Lubbock that some of those people might be here?

"A. The reason I came to Midland was because I was afraid over there.

"Q. Well, are you normally afraid when you go into a bar?

"A. Not over here.

"Q. All right. Why did you bring your gun with you over here?

"A. Because I couldn't take that woman —them other women to my house and leave the gun home."

In Rivera v. State, Tex.Cr.App., 437 S.W.2d 855 (1969), the conviction was for murder. A State's witness testified over objection that the deceased had a wife and two children. Other testimony to the same effect was introduced without objection. The Court held the error harmless.

In Berry v. State, 477 S.W.2d 284 (1972), this Court held error to be harmless where inadmissible testimony was ad-

mitted over objection but the witness was later allowed without objection to testify to substantially the same facts. In that case an officer testified concerning Berry that they had been observing him because they were under the impression that he had been involved in several things.

In Ramirez v. State, 169 Tex.Cr.R. 494, 335 S.W.2d 228 (1960), by Judge Davidson, complaint was made that the court erred in permitting the State to prove his connection with another and subsequent robbery. Ramirez went into and developed the testimony to which he had objected. The Court held the error harmless.

In Butler v. State, 171 Tex.Cr.R. 529, 352 S.W.2d 744, this Court held that no error was shown when testimony of prior arrests was adduced when the accused testified on redirect regarding prior offenses. See Garza v. State, Tex.Cr.App., 442 S.W.2d 693. See Texas Digest, Criminal Law, ▮ for many other cases. See also 5 Tex.Jur.2d, Sections 444–447, page 697 et seq.

In Robbins v. State, Tex.Cr.App., 481 S.W.2d 419 (1972), opinion by Judge Morrison, it is written:

"Appellant's second ground of error is that the court permitted the State to question the undercover agent concerning an unrelated extraneous offense involving the sale of additional pills which occurred the following day at the truck stop and in which appellant allegedly participated. The record reflects that the appellant, himself, testified about the events surrounding the second transaction and gave his version of them. The general rule is that an accused may not complain about the admission of testimony when he later testifies on direct examination to substantially the same facts. Cook v. State, Tex.Cr.App., 409 S.W.2d 857; Meadowes v. State, Tex.Cr.App., 368 S.W.2d 203."

Autry v. State, 159 Tex.Cr.R. 419, 264 S.W.2d 735, relied upon by the majority, does not fit the facts of this case and does not apply. It appears to be out of line with all the other cases concerning harmless error. It is not in point with the present case and should not be cited as authority for the reversal. In fact, its author, in speaking for the Court, in effect overruled it in East v. State, Tex.Cr.App., 420 S.W.2d 414, when he wrote:

" . . . Autry v. State, 159 Tex. Cr.R. 419, 264 S.W.2d 735, is authority for the rule that the admission of improper evidence is not error if the same facts are proven by other testimony not objected to."

There the Court followed the correct rule.

For the reasons stated, the State's motion for rehearing should be granted and the judgment affirmed.

## OPINION ON STATE'S SECOND MOTION FOR REHEARING

ONION, Presiding Judge.

In a second motion for rehearing, the State no longer disputes that admission of the confession without excising appellant's remark about carrying a pistol was error. Nevertheless, the State again urges that this error does not call for reversal of the conviction. We remain convinced that this contention was properly disposed of in the opinion overruling the State's first Motion for Rehearing.

▮ It has long been held that the admission of improper evidence will not require reversal if the same facts are proved by "other and proper" testimony. See 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 446, p. 704 (1959). Frequently referred to as the "General Rule," this rule has been cited so often that no useful purpose would be served at this point by canvassing the many cases in which it appears.

▮ More important for the present consideration is what might be termed a

corollary of the general rule. While an accused may waive the error of improper admission of evidence if such evidence comes in elsewhere without objection, he does not waive the error if he offers "testimony to rebut, destroy, or explain" the improperly admitted evidence. 1 Branch's Ann.P.C.2d, Sec. 119, p. 134 (1956); see also: 5 Tex.Jur.2d, Appeal and Error—Criminal, Sec. 443, p. 695 (1959). Contrary to the State's assertion that our decision in this case creates a new "exception" to the general rule, our research indicates that this rule is at least three-quarters of a century old. See Dawson v. State, 38 Tex.Cr.R. 9, 40 S.W. 731 (1897). The underlying rationale of this rule was explained in Autry v. State, 159 Tex.Cr.R. 419, 264 S.W.2d 735 (1954). There it was held that an accused must not sit mutely or waive his error if he attempts to explain the surrounding circumstances of improperly admitted evidence. *Autry* at 736. Accord: Garza v. State, 397 S.W.2d 847 (Tex.Cr.App.1965). Cf. Nicholas v. State, 502 S.W.2d 169 (Tex.Cr.App.1973) (Opinion on Rehearing).[1]

In his concurrence to the opinion overruling the first Motion for Rehearing, Judge Morrison buttresses this position by citing Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968). Although the precise issue in the instant case is not identical, the effect is the same: But for the improper admission of the accused's confession, he would not have testified. *Harrison*, 392 U.S. at 225, 88 S.Ct. 2008. The record clearly shows that the appellant would not have testified if the confession had not been admitted. Only after the confession was admitted without deleting the statement, "I always carry a pistol with me because I shot and killed a man in Lubbock not too long ago and I am afraid of his people," did appellant feel compelled to testify. In addition to the portion of the record quoted in Judge Morrison's concurrence, supra, the defense attorney prefaced appellant's appearance on the stand by saying,

> "But I want to be sure I have got my record clear on this point. We are not —if he does elect to take the Stand, we are not, by doing this, intending to waive any of his objections."

Certainly a mere recitation to this effect is not a talisman which invariably prevents an accused from waiving error, but under the facts of this case we are unwilling to hold that appellant waived the error. See *Nicholas*, supra, 502 S.W.2d at 173 (Opinion on State's Motion for Rehearing).

■ From what has been said thus far, it is apparent that the cases cited by the dissent to the first Motion for Rehearing are distinguishable. Those cases, like numerous others, concern the general rule of waiver. They do not involve a situation such as in the case at bar where an accused attempts to explain or mitigate a seemingly incriminating statement in his confession. A case more germane to the present discussion is Phillips v. State, 166 Tex.Cr.R. 206, 312 S.W.2d 644 (1958), where this court recognized the appellant's right to counter improper evidence without waiving the error, but also said,

> "Before this rule comes into application, it must appear that the appellant was required, under the circumstances of the case, to testify in order to explain or minimize the injury and that his testimony had that effect." *Phillips* at 646.

As the vigorous dissent to *Phillips* indicates, this criterion is not easily applied. In the instant case the harmful effect of the statement is obvious, but the State urges that appellant's testimony merely reiterated the truth of the statement. Al-

---

1. We disagree with the contention made in the dissent to the overruling of the first Motion for Rehearing that East v. State, 420 S.W.2d 414 (Tex.Cr.App.1967) overruled *Autry*. *East* merely cites *Autry* as authority for the general rule which is recited in that opinion. But *Autry* went further and concluded that the general rule did not apply for the reasons already discussed. No similar issue was presented in *East*.

though this determination may often present very close questions, as in *Phillips*, we hold that the testimony in this case is sufficient to invoke the rule. We also observe that in spite of the language in *Phillips* the rule is more often phrased in terms of evidence which "rebuts, destroys, or explains" improper evidence. Therefore, it is enough that evidence explains the statement without necessarily rebutting or destroying it.[2]

The general rule is a sensible and useful device and today's decision should not be viewed as a dilution of or a retreat from it; however, its application is not universal. Nor should it be employed to whipsaw an accused into a position where he must acquiesce in the admission of improper evidence or waive the error of its admission when he seeks to combat it. The long standing rule that an accused may offer evidence to rebut, destroy or explain improper evidence without waiving his objection was correctly applied to this case by our prior opinions.

For the reasons stated, the State's Second Motion for Rehearing is overruled.

DOUGLAS, Judge (dissenting).

The opinion of Presiding Judge Onion on the State's second motion for rehearing cites the rule that "[h]e does not waive the error if he offers 'testimony to rebut, destroy, or explain' the improperly admitted evidence."

Much has been written about the rule, but the question is, did the testimony of appellant rebut, destroy or explain such evidence originally offered in the confession? The statement in the confession

was, "I always carry a pistol with me because I shot and killed a man in Lubbock not too long ago and I am afraid of his people."

The testimony of the appellant does not explain, rebut or destroy this statement. It is merely a repetition of the statement in the confession and does not in anyway apply to the rule cited.

What happens to the waiver rule in hundreds of cases including Baity v. State, Tex.Cr.App., 455 S.W.2d 305, where this Court wrote: "Appellant cannot complain of the improper admission of testimony which he later voluntarily offers himself and expounds upon. Cook v. State, Tex. Cr.App., 409 S.W.2d 857." See Texas Digest, Criminal Law, 1169(3), and Creel v. State, Tex.Cr.App., 493 S.W.2d 814.

For the reason stated, the motion for rehearing should be granted.

---

2. Two other cases contain potentially troublesome language. In Robbins v. State, 481 S.W.2d 419 (Tex.Cr.App.1972) we applied the general rule of waiver after we said: "The record reflects that the appellant, himself, testified about the events surrounding the second transaction and gave his version of them." Also in Batiste v. State, 464 S.W. 2d 149 (Tex.Cr.App.1971), we held: "We need not pass upon the legality of this search

(of appellant's person) because appellant testified and gave his version of the arrest and asserted that the arresting officer put the glasses on his person." Initially we observe that the facts of those cases are entirely different from the one sub judice. In addition, the opinions in those two cases were written for the court by Judge Morrison after his decisions in *Autry* and *Phillips* but, obviously, before his concurrence in this case.