**William Dean MAYNARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 410–84.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 20, 1985.

---

Warwick H. Jenkins, Waxahachie, Brenda J. Damuth, Dallas, for appellant.

Gene Knize, County Atty. and Daniel L. McBride, Asst. County Atty., Waxahachie, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted for the offense of burglary committed by entering a habitation with the intent to commit rape. V.T.C.A. Penal Code, Sec. 30.02(a)(1). The jury assessed punishment at confinement in the

Texas Department of Corrections for seven years. The Waco Court of Appeals affirmed his conviction in an unpublished opinion. *Maynard v. State*, (Tex.App.— Waco, No. 10–83–249–CR, delivered January 31, 1984.)

We granted the appellant's petition for discretionary review to determine whether evidence of an extraneous offense was improperly admitted into evidence at appellant's trial. The court of appeals held that appellant failed to preserve the error, that he waived any error by testifying to the same facts to which he had earlier objected, and that the error, if any, was harmless beyond a reasonable doubt. We disagree and accordingly reverse appellant's conviction.

A brief recitation of the facts is necessary to an understanding of appellant's grounds of review. We borrow liberally from the opinion of the court of appeals in setting them forth. Appellant testified that at 2:30 a.m. on Sunday, June 6, 1982, he illegally entered the complainant's house in the City of Waxahachie without her consent by forcing open a window screen; that he and the complainant were strangers; that he entered complainant's bedroom while she was asleep, and he disrobed except for his socks, got in bed with and awakened complainant, and that he had sexual intercourse with complainant.

Complainant testified that when she was awakened by appellant he was holding both of her wrists with his hands; that he said, "I won't hurt you if you cooperate"; that he moved one of his hands from her wrist to her throat and, pressing on her Adam's apple, again said, "If you cooperate, I won't hurt you"; and that frightened and fearful of physical injury, she did not resist appellant's act of sexual intercourse with her.

Appellant left the complainant's house after raping her, but he soon returned (appellant said 25 minutes, the complainant said 10 minutes), parked his car near the complainant's driveway, went to the back of her house, and began rattling her back door. Appellant was shoeless and shirtless at this time. Believing that the person rattling her door was appellant, the complainant called the police. Two police officers in a nearby patrol car responded almost immediately. Appellant hid in some bushes, then bolted and ran and escaped.

A records check and a telephone call revealed that the automobile left by the prowler belonged to appellant, and the vehicle was impounded and its contents inventoried. The inventory produced a "baggie" of marihuana, a roach clip, a hand-rolled marihuana cigarette, a switchblade knife, a lock-blade knife, an ice chest with a few beers in it, and a tape case. Testimony as to these contents of the vehicle was admitted before the jury over appellant's objections, and appellant asserts that the testimony regarding the marihuana and the switchblade knife was erroneously admitted and inherently prejudicial because it proved extraneous offenses that had no relevance to any issue in the case.

On the day trial began, appellant filed a "Motion in Limine to Suppress Evidence," in which he asserted that he had reason to believe that the State intended to introduce as evidence the fact that a quantity of marihuana was found in the search of his automobile and that this evidence was inadmissible for the reason that, if true, it constituted an extraneous offense having no relevance to the burglary charge. The record reflects that when this motion was presented to the trial court, appellant was permitted by agreement of the prosecutor and the trial court to orally add the switchblade knife to the written motion. The record further reflects that the trial court treated this motion as a motion in limine and denied the motion as written, but granted the motion as orally amended.[1]

During the prosecutor's direct examination of officer Larry Lewis, the District Attorney inquired as to what, if anything, the officer found in appellant's vehicle.

---

1. The Court of Appeals erroneously characterized appellant's motion as a motion to suppress and also erroneously concluded that the trial court denied the motion. Even a cursory reading of the record supports our version of this transaction.

The witness replied, "Found a baggie of —," whereupon appellant lodged his objection thereto and requested the matter be taken up outside the presence of the jury. The court then dismissed the jury, and evidence was presented regarding the seizure from appellant's vehicle of the baggie of marihuana, switchblade knife and lockblade knife. During this hearing the appellant urged the following objection:

"Your Honor, we object to the offer and admission of any testimony about anything that was discovered in the inventory that succeeded and followed his ascertainment of the ownership of this car for the reason it is not part of the res justi (sic) and it wasn't necessary to prove identity and it doesn't bear on intent and it doesn't show motive and malice and it doesn't show a plan or system and it has no bearing on any defensive theory and it doesn't show flight."

The trial judge overruled appellant's objection after the prosecutor argued that the evidence was in the nature of res gestae. At the close of the hearing conducted outside the jury's presence the following colloquy took place between counsel for appellant and the trial judge:

"THE COURT: Mr. Jenkins, you want to renew your objections when the jury gets back or do you just want me to take them into consideration at this time so you won't have to object and give your objection?

"MR. JENKINS: I believe I will object in the presence of the Jury."

When the evidence was introduced in the presence of the jury appellant's counsel lodged the following objection:

"MR. JENKINS: May it please the Court, we would like to object to this line of interrogation about any inventory for the reason that it is immaterial and irrelevant to any issue in this cause and is only offered and introduced, if allowed, to enflame and prejudice the minds and attitude of the Jury toward this Defendant."

The trial court overruled the objection.

The court of appeals held that nothing was presented for review because it concluded that the "Motion to Suppress" was filed on the day of trial and was unsupported by evidence, citing *Writt v. State*, 541 S.W.2d 424 (Tex.Cr.App.1976). The court of appeals further held that the objection made by appellant's counsel in front of the jury was insufficient because it was not based upon the ground that the evidence constituted proof of an extraneous offense. The court of appeals failed to discuss the effect of the hearing held outside the presence of the jury or the objection there made by appellant's counsel.

■ In his second ground for review, appellant contends that his motion in limine was supported by the evidence adduced at the hearing outside the jury's presence. He concludes that this was sufficient to preserve error under *Writt*, supra. This contention is patently without merit. The record clearly reflects that the trial judge treated appellant's motion as a motion in limine and *granted* it before the trial started. Thus, the hearing could not have been conducted pursuant to a motion upon which the trial judge had already ruled. More elementary is the fact that appellant calls the motion a motion in limine in his brief. It is axiomatic that motions in limine do not preserve error.

■ In his third ground for review, appellant contends that his objection made in the jury's presence was sufficient to preserve error. He additionally contends that since a hearing was held outside the presence of the jury with regard to the extraneous offenses, and the trial court ruled thereon, it was not necessary for appellant to object in front of the jury in order to preserve his right to complain on appeal. We agree with the court of appeals that appellant's objection in front of the jury was too global to preserve error. See *Garcia v. State*, 573 S.W.2d 12 (Tex.Cr.App.1978); *Russell v. State*, 468 S.W.2d 373 (Tex.Cr.App.1971). However, we agree with appellant that the overruling of his objection made at the hearing outside the

jury's presence was sufficient to preserve the asserted error for appellate review. Article 40.09 6(d)(3), V.A.C.C.P., provides as follows:

"When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence shall be admitted, then in that event such objection *shall* [2] be deemed to apply to such evidence when it is admitted before the jury without the necessity of such objections being renewed in the presence of the jury."

We observe that Art. 40.09 6(d)(3), supra, is mandatory by its own terms. We further observe that appellant's objection outside the jury's presence, while never using the phrase "extraneous offense," was clearly sufficient to provide the trial judge and the prosecutor with notice that appellant was in fact complaining of an extraneous offense. Significantly, the prosecutor argued in response to the objection that the evidence was admissible under the res gestae exception to the rule prohibiting the admission of extraneous offenses. Additionally, the purpose of an objection is twofold: first, a specific objection is required to inform the trial judge of the basis of the objection and afford him or her an opportunity to rule on it; and second, a specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony. See *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App. 1977). Since the record clearly reflects that all parties involved at trial were aware of appellant's complaint, we hold that his objection preserved the issue for appellate review.[3]

While testifying on direct examination as a witness in his own behalf, appellant testified concerning the objects found in his car. He stated that the roach clip, the lock-blade knife, and the ice chest were his and that he knew they were in the car. He admitted owning the switchblade knife but said that he did not know that it was in the car. He denied ownership of the marihuana, intimated that it belonged to his friend who had been riding with him on the Saturday night before the offense, and said he did not know the marihuana was in the car at the time.

It is the general rule that when the defendant offers the same evidence to which he earlier objected, he is not in a position to complain on appeal. *Womble v. State,* 618 S.W.2d 59 (Tex.Cr.App.1981); *Cameron v. State,* 530 S.W.2d 841 (Tex.Cr. App.1975); *Palmer v. State,* 475 S.W.2d 797 (Tex.Cr.App.1972). This principle is better known as the doctrine of curative admissibility. The court of appeals relied on this doctrine in holding that appellant waived his objection to the admission of the extraneous offense. There exists, however, a corollary to this rule, unmentioned by the court of appeals, that the harmful effect of improperly admitted evidence is not cured by the fact that the defendant sought to meet, destroy, or explain it by the introduction of rebutting evidence. Such testimony does not act as a waiver of the right to challenge the admissibility of the evidence originally admitted. *Evers v. State,* 576 S.W.2d 46 (Tex.Cr.App.1978); *Alvarez v. State,* 511 S.W.2d 493 (Tex.Cr. App.1973); *Nicholas v. State,* 502 S.W.2d 169 (Tex.Cr.App.1973). Under these authorities, the appellant did not waive his objection to the legal admissibility of the inventory if he testified to meet, destroy, or explain the existence of the marihuana and the switchblade knife in his car. In *Thomas v. State,* 572 S.W.2d 507 (Tex.Cr.App. 1978), Presiding Judge Onion explained the operation of the rule and its exception thusly:

---

**2.** All emphasis is supplied by the author of this opinion unless otherwise indicated.

**3.** While the State does not argue that appellant waived his objection outside the jury's presence by making a second and different objection in front of the jury, we note parenthetically that

such an argument has no current support in our case law. We have only found a waiver of the provisions of Art. 40.09 6(d)(3), supra, when counsel affirmatively states that he has "no objection" in front of the jury. See *Harris v. State,* 656 S.W.2d 481 (Tex.Cr.App.1983).

"[I]f a defendant takes the witness stand to refute, deny, contradict, or impeach evidence or testimony properly objected to, no waiver of the objection occurs. But if a defendant in testifying admits or confirms the truth of the facts or evidence objected to, even if attempting to create a defense based on or beyond those facts, a waiver of the objection does occur. The one possible exception to this principle is that no waiver will be found where a defendant objects to evidence or testimony not tied directly or indirectly to the elements of the case and then in testifying himself admits those facts to be true. This exception is illustrated by *Alvarez v. State*,[4] supra, in which a portion of a confession saying 'I always carry a pistol with me because I shot and killed a man in Lubbock not too long ago and am afraid of his people,' was properly objected to as showing an extraneous offense. This Court found that the objection was not waived when the defendant took the stand and admitted on direct examination that the statement was true in attempting to explain the incident. This was an extraneous offense, not tied to the elements of the case but useful only to show the character of the defendant. However, this case appears to contradict *Robbins v. State*, 481 S.W.2d 419 (Tex.Cr.App.1972); *Cook v. State*, 409 S.W.2d 857 (Tex.Cr.App. 1966); and *Meadowes v. State*, 368 S.W.2d 203 (Tex.Cr.App.1963), all of which held that objection to improper evidence of an extraneous offense was waived when the defendant on direct examination confirmed such facts. We express no opinion now as to this point."

■ We are now squarely confronted with the issue and we hold that no waiver occurs when, after the admission over objection of *evidence of an extraneous offense,* the defendant subsequently testifies to essentially the same facts to which he had earlier objected. This is sound policy because it is fair policy. An extraneous offense is collateral to the facts in issue at

trial and is inherently prejudicial. That it actually took place does not affect its lack of relevance. To require the defendant to sit mute in the face of such harmful evidence to preserve the issue for appellate review is to unfairly hamstring the defendant at trial. Once the evidence is admitted, correctly or incorrectly, the defendant is compelled by the exigencies of trial to mitigate such inherently prejudicial evidence as best as he or she can. To the extent that *Robbins*, supra, *Cook*, supra, and *Meadowes*, supra, are inconsistent with this holding, they are overruled.

We are now in a posture to address the merits of this cause—whether the evidence of the inventory was an inadmissible extraneous offense or whether it was "res gestae of the offense." This issue was not addressed by the court of appeals.

■ It is an established general rule that evidence of prior criminal conduct that is collateral to the charge on which the defendant is being tried is inadmissible. *Sanders v. State*, 604 S.W.2d 108 (Tex.Cr. App.1980); *Saunders v. State*, 572 S.W.2d 944 (Tex.Cr.App.1978). We stated in *Heflin v. State*, 574 S.W.2d 554 (Tex.Cr.App. 1978):

"The general rule in all English speaking jurisdictions is that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions."

■ It is well settled that where one offense or transaction is one continuous episode, or another offense or transaction is a part of the case on trial, or blended or closely interwoven therewith, proof of all the facts is proper. *Mitchell v. State*, 650 S.W.2d 801 (Tex.Cr.App.1983); *Archer v. State*, 607 S.W.2d 539 (Tex.Cr.App.1981). In *Archer*, supra, this Court wrote:

"Such an extraneous offense is admissible to show the context in which the criminal act occurred; this has been

---

4. 511 S.W.2d 493 (Tex.Cr.App.1973).

termed the 'res gestae,' under the reasoning that events do not occur in a vacuum and that the jury has [a] right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. *Albrecht v. State,* 486 S.W.2d 97 Tex.Cr.App. [1972]."

As Judge Clinton recently observed, "[w]hen evidence is offered under this 'context of offense' rationale, the prejudicial nature of it will rarely render it inadmissible *so long as* it truly sets the stage for the jury's comprehension of the whole criminal transaction." *Maddox v. State,* 682 S.W.2d 563 (Tex.Cr.App.1985) (Clinton concurring.) [emphasis in original] Simply put, to qualify as "res gestae", the evidence of extraneous offenses must be so closely interwoven with the offense on trial that it shows the context in which the offense occurred.

■ In the case sub judice, the evidence of the marihuana and switchblade did not constitute res gestae of the offense, since there is absolutely no relationship or connection between the evidence of collateral offenses and the crime for which appellant was charged. The record is devoid of any evidence that appellant had the switchblade or marihuana on his person at the time of his arrest, that appellant used the knife in connection with the charged offense, that appellant appeared to be under the influence of marihuana, or any other circumstances which were "shown to have been directly connected with, and contemporaneous to, and inseparable from the arrest of the appellant." *Maddox,* supra, at 565. The evidence did not relate to proving that appellant committed the crime of burglary with intent to rape, and its only purpose was to prejudice appellant's defense. See the cases chronicled in *Maddox v. State,* supra. We therefore hold that the trial court erred in admitting the evidence of the switchblade and marihuana.

■ Our final determination is whether the error in admitting evidence of the switchblade and marihuana was harmful error. The test for harmless error is not whether a conviction could have been had without the improperly admitted evidence, but whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. See *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Gutierrez v. State,* 628 S.W.2d 57 (Tex.Cr.App.1982); *Bass v. State,* 622 S.W.2d 101 (Tex.Cr.App. 1981). Though we are persuaded that the improperly admitted evidence did not contribute to the conviction of appellant for the offense of burglary, our inquiry does not end there.

■ A second determination must be made as to whether the admission of this evidence was harmless with respect to the eventual assessment of punishment, in this case, seven years confinement in the Texas Department of Corrections. See *Clemons v. State,* 605 S.W.2d 567 (Tex.Cr.App.1980); *Jordan v. State,* 576 S.W.2d 825 (Tex.Cr. App.1978). The court of appeals never made this second determination, but we will do so now. Appellant was statutorily eligible for probation and at the punishment phase of trial he presented nine witnesses, including himself, in an attempt to persuade the jury to probate his sentence. The record reflects that appellant had never before been convicted of a crime, was married with a child six months old at the time of trial, was employed, was a former United States Marine, was in the Marine Reserves at the time of trial, and was considered by his employer to be a good and reliable worker. The record further reflects that the complainant testified that appellant did not injure her and that he had no weapon. The State presented no evidence at the punishment phase of trial.

■ While the prosecutor did not use extraneous offense evidence during his final argument, either at punishment or guilt-innocence, he did make use of it during his cross-examination of appellant, when he asked appellant whether "you wanted everybody to know that you are a marihuana smoker." Since appellant's trial lasted only one day, it is reasonable to assume that the jury was capable of re-

membering all the testimony during its deliberations on punishment. After considering the entire state of the record, we are unable to say that there is not a reasonable possibility that the improperly admitted evidence contributed to the number of years assessed as punishment by the jury.

Accordingly, the judgments of the court of appeals and the trial court are reversed and this cause is remanded to the trial court for a new trial.

CLINTON, J., concurs in result.