6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00002-CV


______________________________





IN RE: GLOBAL INDUSTRIAL TECHNOLOGIES, INC. 


AND A. P. GREEN INDUSTRIES, INC., RELATORS








 


Original Mandamus Proceeding







 
 



Before Cornelius, C.J., Grant and Ross, JJ.

Opinion by Chief Justice Cornelius



O P I N I O N


 Global Industrial Technologies, Inc. and A. P. Green Industries, Inc., relators, have joined
with the real parties in interest and have filed a motion asking this Court to dismiss the petition for
writ of mandamus which is now pending before this Court. 

 Without prejudice to any party, the motion is granted and the petition is dismissed. We also
lift the temporary stay previously ordered by this Court.


 William J. Cornelius

 Chief Justice


Date Submitted: February 12, 2002

Date Decided: February 12, 2002


Do Not Publish



eport to his juvenile parole officer. State and
local officers conducted videotaped interviews with Severs on the day of his arrest, as well
as on the following Sunday, June 13. At the beginning of the interview on June 12, the
officers advised Severs of his rights under Miranda. (1) Severs stated he understood those
rights, did not request counsel, and indicated he wanted to voluntarily assist the officers
by answering their questions. In each interview, the officers questioned Severs about the
murder of Whitworth, but Severs denied participating in or having any knowledge
concerning the killing.

 On the Monday morning of June 14, 1999, Severs was taken before a justice of the
peace, who administered the magistrate warning prescribed by Tex. Code Crim. Proc.
Ann. art. 15.17 (Vernon Supp. 2002). Severs acknowledged he understood the warning. 
The following day, June 15, 1999, Severs was again interviewed on videotape, this time
by an agent with the Federal Bureau of Investigation (FBI). After again being advised of
his Miranda rights, and after signing a written waiver of those rights, Severs admitted he
participated with Daniels in the robbery and murder of Whitworth. 

 In Severs' first two points of error, he contends the trial court committed reversible
error in denying his motion to suppress his videotaped confession. In this connection, he
argues in his brief that, at the time he gave his confession to the FBI agent June 15, he
was under arrest for capital murder. However, it is clear from the record his initial arrest
June 12 was pursuant to a warrant issued for his alleged failure to report to a juvenile
parole officer. The indictment returned against him for the murder of Whitworth was filed
June 29, 1999. At the time he confessed to participation in the murder of Whitworth,
Severs was under arrest for an alleged juvenile parole violation, not for capital murder.

 Although the trial court denied Severs' motion to suppress his confession, the State
did not offer Severs' confession, or any of the videotaped interviews, into evidence during
its case-in-chief. Rather, it was Severs who offered all of the videotapes into evidence,
including the one containing his confession, after the State had rested. The State then
made reference to the confession only in response to Severs' introduction of that evidence. 

 The general rule is that, when a defendant offers the same evidence to which such
defendant objected earlier, that defendant is not in a position to complain on appeal. 
Maynard v. State, 685 S.W.2d 60, 65 (Tex. Crim. App. 1985). This principle is better
known as the doctrine of curative admissibility. Id. There exists, however, a corollary to
this rule: that the harmful effect of improperly admitted evidence is not cured by the fact
the defendant sought to meet, destroy, or explain it by the introduction of rebutting
evidence. Such testimony does not act as a waiver of the right to challenge the
admissibility of the evidence originally admitted. Id.; Evers v. State, 576 S.W.2d 46, 48
(Tex. Crim. App. [Panel Op.] 1978); Alvarez v. State, 511 S.W.2d 493, 498-99 (Tex. Crim.
App. 1973); Nicholas v. State, 502 S.W.2d 169, 174-75 (Tex. Crim. App. 1973). In this
case, Severs objected to the evidence of the confession by filing a motion to suppress the
evidence; however, he later introduced this same evidence at trial even though the State
never sought to introduce the evidence during its case-in-chief. Despite Severs' contention
in his brief that he was "implicitly forced" to introduce the videotapes, he directs this Court
to no evidence or circumstances supporting this contention and a review of the record does
not support it. It is clear the State did not rely on the videotapes and, because the State
did not admit into evidence the confession or make any reference to the confession,
Severs had nothing to explain or rebut. 

 By having filed a motion to suppress, Severs preserved any error the trial court may
have committed in denying the motion. Fuller v. State, 827 S.W.2d 919, 930 (Tex. Crim.
App. 1992); see Livingston v. State, 739 S.W.2d 311, 335 (Tex. Crim. App. 1987).
However, Severs waived any such error by admitting into evidence the very evidence he
objected to and sought to preclude from the trial in his motion to suppress. Severs may
not challenge the trial court's denial of his motion to suppress, because he introduced the
very evidence he sought to exclude. See Maynard, 685 S.W.2d at 65. We overrule
Severs' first two points of error.

 In Severs' third point of error, he contends the trial court erred in refusing to include
an instruction in the jury charge concerning "independent impulse." Before the trial court
submitted the case to the jury, Severs objected to the jury charge and requested the
following instruction be added to the charge: 

 You are instructed that if there was a common design and attempt by
and between Tony LaKeith Daniels and the defendant, Chase Christopher
Severs, to commit the offense of aggravated robbery, or murder, or capital
murder, or, if the offenses, if any, were committed by Tony LaKeith Daniels
acting independently of Chase Christopher Severs in doing so, and without
the participation or anticipation of Chase Christopher Severs in the common
design and intent to commit it, then Chase Christopher Severs is not guilty. 
If you have a reasonable doubt as to this issue, you must give Chase
Christopher Severs the benefit of the doubt and find him not guilty of the
offenses of aggravated robbery, murder, and capital murder. 


The trial court overruled the objection and denied the request. 

 The Texas Court of Criminal Appeals, shortly before the submission of this case to
the jury, expressly overruled its earlier case of Mayfield v. State, 716 S.W.2d 509 (Tex.
Crim. App. 1986), to the extent it held a defendant was entitled to an "independent
impulse" instruction in a conspiracy liability case when raised by the evidence. Solomon
v. State, 49 S.W.3d 356, 368 (Tex. Crim. App. 2001). In Solomon, the court, relying on its
holding in Giesberg v. State, 984 S.W.2d 245 (Tex. Crim. App. 1998), in which the court
stated that defendants were not entitled to a defensive instruction on "alibi" because alibi
was not an enumerated defense in the Texas Penal Code, and the issue was adequately
accounted for within the general charge to the jury, held that a defendant is not entitled to
an "independent impulse" instruction in a case involving conspiracy liability. Solomon, 49
S.W.3d at 368. The court held the appellant was not entitled to an instruction on the
defensive issue of "independent impulse" because it is not an enumerated defense in the
Texas Penal Code and the issue was adequately addressed within the general charge to
the jury. Id.

 Severs contends his case is distinguishable from Solomon because Solomon
involved an instruction on the law of conspiracy and this case involves the law of parties,
and the general charge is not adequate to cover the issue. Id. Severs' reliance is
misplaced. In Mayfield, the court overruled the court of appeals, who held the trial court
erred in failing to include an instruction on "independent impulse," holding that Mayfield,
whom the state charged and convicted as a party, was not entitled to an instruction in the
charge on "independent impulse," distinguishing the law of parties from conspiracy liability. 
Mayfield, 716 S.W.2d at 516-17. Solomon, relying on Mayfield, contended he was entitled
to an instruction on independent impulse because he was charged under a conspiracy
theory. The court, however, overruled Mayfield to the extent it required an independent
impulse instruction in conspiracy cases, affirming its decision in Giesberg that defendants
are not entitled to instructions on defensive theories not enumerated in the Texas Penal
Code when the issue is adequately accounted for within the general charge to the jury. 
Solomon, 49 S.W.3d at 367-68; Giesberg, 984 S.W.2d at 249; Mayfield, 716 S.W.2d at
515. 

 We see no reason to distinguish the instant case from the Texas Court of Criminal
Appeals cases holding defendants are not entitled to instructions on defensive theories not
enumerated in the Texas Penal Code. The trial court included the following language
regarding parties in the charge: 

 All persons are parties to an offense who are guilty of acting together
in the commission of an offense. A person is criminally responsible as a
party to any offense if the offense is committed by his own conduct, by the
conduct of another for which he is criminally responsible, or both.


 A person is criminally responsible for an offense committed by the
conduct of another if, acting with intent to promote or assist the commission
of the offense, he solicits, encourages, directs, aids or attempts to aid the
other person to commit the offense. Mere presence alone will not constitute
one a party to an offense.


The general jury charge in this case adequately addressed the issue of "independent
impulse." We hold there is no meritorious distinction between this case and Solomon. An
instruction on "independent impulse" is "merely a negation of elements in the State's case,"
and "its inclusion would be superfluous, and in fact, would be an impermissible comment
on the weight of the evidence." Solomon, 49 S.W.2d at 368. The jury charge in this case
adequately covered the issue. We overrule Severs' third point of error.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: August 12, 2002

Date Decided: September 6, 2002


Publish

1. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).