Opinion issued November 9, 2006







 

 

 







In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00989-CV
  __________
 
 
In the Matter of D.O., appellant
 
 

 
 
On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2005-07214J
 

 
O P I N I O N
          Appellant, D.O., was found to have engaged in delinquent conduct (assault)
and was placed in the custody of the Texas Youth Commission for an indeterminate
period of time, not to exceed the time when appellant, who was 16 years old at the
time of trial, reaches the age of 21. In three issues, appellant complains that (1) there
was legally and factually insufficient evidence to support the finding that he did not
act in defense of a third person and (2) the trial court erred in determining that a
witness was not competent to testify. We affirm. 
Background
           On August 12, 2005, Jose Silva and Jose Gomez were hanging banners on a
business property when they were confronted by George Romero. Romero accused
the two young men of talking badly about his cousin, and, after an exchange of
words, Romero struck Silva on the back of the head. Gomez then proceeded to strike
Romero. 
          Appellant, an “associate” of Romero’s, had trailed behind Romero at a distance
of 12 to 13 feet. According to appellant’s testimony, he knew Romero was going “to
start something,” so he urged Romero to “chill out” and leave Gomez and Silva alone. 
Appellant stated that he felt compelled to join the fight when it became a “two on
one” situation, with both Gomez and Silva striking Romero. To keep the fight from
escalating, appellant grabbed Silva and threw him to the ground. Appellant testified
that, after he threw Silva to the ground, Silva began to strike him repeatedly. In
response, appellant struck Silva once in the head. 
          At trial, appellant stipulated to the fact that he knowingly caused Silva bodily
injury and relied entirely on the justification of defense of a third person. The trial
court, however, found that appellant had engaged in delinquent conduct and placed
him in the custody of the Texas Youth Commission. 
Sufficiency of the Evidence

          In his first and second issues, appellant complains that there was legally and
factually insufficient evidence to support the finding that he did not act in defense of
a third person. Specifically, appellant argues that, because he reasonably believed
Romero would be seriously injured if the fight was not stopped, the evidence was
legally and factually insufficient to rebut his defense of defense of a third person. 

Standard of Review
           In juvenile cases, a reviewing court applies the criminal sufficiency standards
of review. See In re G.A.T., 16 S.W.3d 818, 828 (Tex. App.Houston [14th Dist.]
2000, pet. denied). When evaluating the legal sufficiency of the evidence, we must
view the evidence in the light most favorable to the verdict and determine whether
any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S. Ct.
2781, 2788–89 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000). Under the first prong of Johnson, we cannot conclude that a conviction is
“clearly wrong” or “manifestly unjust” simply because, on the quantum of evidence
admitted, we would have voted to acquit had we been on the jury. Watson v. State,
No. PD-469-05, 2006 WL 2956272, at *10 (Tex. Crim. App. Oct. 18, 2006). Under
the second prong of Johnson, we cannot declare that a conflict in the evidence
justifies a new trial simply because we disagree with the jury’s resolution of that
conflict. Id. Before finding that evidence is factually insufficient to support a
verdict under the second prong of Johnson, we must be able to say, with some
objective basis in the record, that the great weight and preponderance of the evidence
contradicts the jury’s verdict. Id. In conducting a factual-sufficiency review, we must
also discuss the evidence that, according to the appellant, most undermines the jury’s
verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
              We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence
because that determination depends on the fact-finder’s evaluation of credibility and
demeanor. Cain, 958 S.W.2d at 408–09. As the determiner of the credibility of the
witnesses, the fact-finder may choose to believe all, some, or none of the testimony
presented. Id. at 407 n.5.
Analysis
          When a person is justified in using force to protect a third person, it is a defense
to prosecution. Tex. Pen. Code Ann. §§ 9.02, 9.33 (Vernon 2003). A person is
justified, under section 9.33, in using force or deadly force to protect a third person if: 
(1)     under the circumstances as the actor reasonably believes them to
be, the actor would be justified under Section 9.31 [self-defense]
or 9.32 [deadly force in defense of person] in using force or
deadly force to protect himself against the unlawful force or
unlawful deadly force he reasonably believes to be threatening the
third person he seeks to protect; and 
 
(2)     the actor reasonably believes that his intervention is immediately
necessary to protect the third person. 
 
Tex. Pen. Code Ann. § 9.33. A person defending on the grounds of defense of a
third person stands in the shoes of the third person. Hughes v. State, 719 S.W.2d 560,
564 (Tex. Crim. App. 1986). “So long as the accused reasonably believes that the
third person would be justified in using [force] to protect himself, the accused may
step in and exercise [force] on behalf of that person.” Id. Thus, the use of force to
protect a third person is justified in any situation in which the third person would be
justified in using force to protect himself. Id. The law of self-defense provides,
however, that the use of force is not justified where “the actor provoked the other’s use
or attempted use of unlawful force.” Tex. Pen. Code Ann. § 9.31(b)(4).
          The evidence viewed in the light most favorable to the verdict shows that
appellant stipulated to having knowingly caused bodily injury to Silva. Additionally,
appellant, Silva, and Gomez all testified that Romero initiated the confrontation
between the four young men. Because he provoked the use of force by Silva and
Gomez, Romero would not have been justified in using force to protect himself. 
Appellant stands in Romero’s shoes for purposes of evaluating appellant’s defense of
a third person defense. Because Romero’s use of force was not justified, appellant
was not justified in using force against Silva on behalf of Romero. A rational trier of
fact could have concluded that the evidence failed to establish that appellant acted in
defense of Romero. Thus, we hold that the evidence was legally sufficient to support
the trial court’s finding that appellant did not act in defense of a third person. 
          Accordingly, we overrule appellant’s first issue.
            As evidence contrary to the finding that he did not act in defense of Romero,
appellant relies on the fact that Romero provoked only Silva’s use of force. Stated
differently, Romero did not provoke the use of force by Gomez, and, thus, appellant
was justified in acting with force on Romero’s behalf. It cannot be said that this
evidence greatly outweighs the testimony indicating that Romero initiated the
confrontation with both Gomez and Silva. Similarly, it cannot be said that this
evidence renders the verdict manifestly unjust or clearly wrong. As a result, we hold
the evidence was factually sufficient to support the finding that appellant did not act
in defense of a third person. 
          Accordingly, we overrule appellant’s second issue.
Witness CompetencyIn his third issue, appellant argues that the trial court erred in finding that D.D.,
a minor, was not competent to testify as an eyewitness to the fight between appellant,
Romero, Gomez, and Silva. Appellant, however, has waived this contention. 
          To preserve a complaint for appellate review, a party must have presented to the
trial court a timely request, objection, or motion stating the specific grounds for the
ruling desired. Tex R. App. P. 33.1.(a)(1), (a)(2). Simply stating “objection” is too
general to preserve error. See Fierro v. State, 706 S.W.2d 310, 317–18 (Tex. Crim.
App. 1986). Specific grounds are required to inform the trial court of the basis of the
objection, to afford the trial court the opportunity to rule on the objection, and to
provide opposing counsel with an opportunity to supply further testimony. Maynard
v. State, 685 S.W.2d 60, 64–65 (Tex. Crim. App. 1985). Therefore, an objection is
preserved for appellate review where the record shows that the trial court and
opposing counsel were aware of the substance of a defendant’s objection or where the
correct ground of exclusion was obvious. Thomas v. State, 723 S.W.2d 696, 700–01
(Tex. Crim. App. 1986). 
          Here, the record indicates that, after the trial court determined D.D. was not
competent to testify, appellant’s only response was “[o]h, come on.” “Oh, come on”
is not a sufficient objection stating the specific grounds for complaint. Because
appellant did not make a sufficient objection at trial, no error has been preserved for
our review. Appellant has, therefore, waived this contention. 
          Accordingly, we overrule appellant’s third issue.
 
Conclusion
          We affirm the trial court’s judgment.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.4.