NUMBER 13-03-282-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






RICARDO CANALES, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 214th District Court of Nueces County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Hinojosa, and Baird (1)


Opinion by Justice Baird



 Appellant was charged in a three count indictment with the offenses of murder,
intoxication manslaughter, and failure to stop and render aid. The indictment also
alleged that the vehicle used and exhibited by appellant was a deadly weapon, and
included a prior felony conviction for the purpose of enhancing the range of
punishment. Upon appellant's motion, the trial judge severed the failure to stop and
render aid count of the indictment. A jury convicted appellant of murder and assessed
punishment at 40 years confinement in the Texas Department of Criminal
Justice-Institutional Division, and a fine of $7,000.00. Appellant raises three points of
error. We affirm.

I. Appellant's Statements.

 Prior to trial, the trial judge held a hearing on appellant's motions to suppress his
oral and written statements. Appellant testified at the pretrial hearing that he invoked
his Fifth Amendment right against self incrimination. However, he claimed his
invocation of this right was not honored. Despite this testimony, the trial judge denied
the motions. Appellant contends this ruling was erroneous.

 We need not reach the merits of this argument because appellant later testified
at trial. During that testimony, he testified to the same facts that were challenged in the
motions to suppress. Under settled authority, "if a defendant in testifying admits or
confirms the truth of the facts or evidence objected to, even if attempting to create a
defense based on or beyond those facts, a waiver of the objection does occur."
Maynard v. State, 685 S.W.2d 60, 65-66 (Tex. Crim. App. 1985) (citing Thomas v. State,
572 S.W.2d 507, 512 (Tex. Crim. App. 1978)). It is important to note that appellant does
not argue on appeal that he testified to refute, deny, contradict, or impeach evidence. 
Maynard, 685 S.W.2d at 65-66 (holding no waiver occurs when defendant testifies to
refute, deny, contradict, or impeach evidence or testimony properly objected to). (2) 
Because appellant testified on direct examination in substantial measure to the contents
of the statements challenged in the motions to suppress, we find that even if the trial
court erred in denying the motions, appellant's own testimony vitiated the harmful
effect of the admission of the statement. The first point of error is overruled. 

II. Photographs.

 The second point of error contends the trial judge erred in admitting "gruesome
photos of the charred body of the deceased in her burned-out vehicle." Specifically,
this point of error deals with two photographs which were admitted over appellant's
objection. The trial judge's decision to admit evidence is reviewed under an abuse
of discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990) (op. on reh'g). A judge may consider many factors in determining whether the
probative value of evidence is substantially outweighed by the danger of unfair
prejudice, including the number of exhibits offered, their gruesomeness, their detail,
their size, whether they are in color or black and white, whether they are close-up, and
whether the body depicted is clothed or naked. Long v. State, 823 S.W.2d 259, 272
(Tex. Crim. App. 1991). If a verbal description of an object or scene is admissible, then
a photograph of that object or scene is generally also admissible. Emery v. State, 881
S.W.2d 702, 710 (Tex. Crim. App. 1994).

 The complained of exhibits are not autopsy photographs, but rather pictures of
the decedent in the vehicle she was driving when struck by appellant. The record
contains a verbal description of the scene portrayed in the photographs. Photographs
showing a victim's wounds have been held admissible when offered to clarify and
support observations and conclusions about the victim's injury and to reveal the
manner of death as alleged in the indictment, and not solely to inflame the minds of
jurors. Juhasz v. State, 827 S.W.2d 397, 402 (Tex. App.-Corpus Christi 1992, pet. ref'd). 
In this case, the photographs were material, relevant, and competent to prove the cause
of death alleged in the indictment, namely that appellant drove "a motor vehicle at an
unsafe speed causing a collision with the vehicle driven by [the complainant], which
resulted in her death." Therefore, we find the probative value of these two exhibits
outweighed any prejudicial effect they may have had. Accordingly, we hold the trial
judge did not err in admitting these photographs into evidence. The second point of
error is overruled.

III. Expert Testimony.

 The third point of error contends the trial judge erred in admitting evidence
related to the chemical analysis of the blood drawn from appellant following the alleged
offense. Specifically, appellant complains of the testimony of Kathy Jean Erwin, a
criminalist at the Texas Department of Public Safety Crime Lab. Erwin testified she
examined appellant's blood and found 1.1 milligrams per liter of benzoylecgonine, a
metabolite of cocaine. 

 The State counters that this issue is not preserved for our review. We agree. The
general prerequisite to presenting a complaint for appellate review is a showing in the
record that (1) the complaint was made to the trial court by a request, objection, or
motion that was timely and sufficiently specific to make the trial court aware of the
grounds of complaint, and (2) the trial court ruled adversely, or refused to rule, despite
objection. Tex. R. App. P. 33.1(a); Broxton v State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995). Appellant did not offer a specific and timely objection to the complained of
testimony at trial. (3) Therefore, the error is not preserved for our review. The third point
of error is overruled.

 The judgment of the trial court is affirmed.


 

 CHARLES BAIRD,

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed

this 29th day of January, 2004.




1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the
Chief Justice of the Supreme Court of Texas pursuant to the government code. See Tex. Gov't Code Ann.
§ 74.003 (Vernon Supp. 2004).
2. In fact, appellant's brief does not mention appellant's trial testimony.
3. Although appellant objected on the basis that Erwin was not competent to testify
regarding the physiological effects of cocaine, he did not object to Erwin's testimony of the
chemical analysis of appellant's blood or the two exhibits offered to corroborate this testimony.