226 S.W.3d 483 (2006)
In the Matter of D.O., appellant.
No. 01-05-00989-CV.
Court of Appeals of Texas, Houston (1st Dist.).
November 9, 2006.
*484 Gary Michael Polland, Polland & Associates, Houston, for Appellant.
Charles A. Rosenthal, Jr., District Attorney-Harris County, Shirley Cornelius, Assistant District Attorney-Harris, Houston, for Appellee.
Panel consists of Justices TAFT, KEYES, and HANKS.

OPINION
GEORGE C. HANKS, JR., Justice.
Appellant, D.O., was found to have engaged in delinquent conduct (assault) and was placed in the custody of the Texas Youth Commission for an indeterminate period of time, not to exceed the time when appellant, who was 16 years old at the time of trial, reaches the age of 21. In three issues, appellant complains that (1) there was legally and factually insufficient evidence to support the finding that he did not act in defense of a third person and (2) the trial court erred in determining that a witness was not competent to testify. We affirm.

Background
On August 12, 2005, Jose Silva and Jose Gomez were hanging banners on a business property when they were confronted by George Romero. Romero accused the two young men of talking badly about his cousin, and, after an exchange of words, Romero struck Silva on the back of the head. Gomez then proceeded to strike Romero.
Appellant, an "associate" of Romero's, had trailed behind Romero at a distance of 12 to 13 feet. According to appellant's testimony, he knew Romero was going "to start something," so he urged Romero to "chill out" and leave Gomez and Silva alone. Appellant stated that he felt compelled to join the fight when it became a "two on one" situation, with both Gomez and Silva striking Romero. To keep the fight from escalating, appellant grabbed Silva and threw him to the ground. Appellant testified that, after he threw Silva *485 to the ground, Silva began to strike him repeatedly. In response, appellant struck Silva once in the head.
At trial, appellant stipulated to the fact that he knowingly caused Silva bodily injury and relied entirely on the justification of defense of a third person. The trial court, however, found that appellant had engaged in delinquent conduct and placed him in the custody of the Texas Youth Commission.

Sufficiency of the Evidence
In his first and second issues, appellant complains that there was legally and factually insufficient evidence to support the finding that he did not act in defense of a third person. Specifically, appellant argues that, because he reasonably believed Romero would be seriously injured if the fight was not stopped, the evidence was legally and factually insufficient to rebut his defense of defense of a third person.
Standard of Review
In juvenile cases, a reviewing court applies the criminal sufficiency standards of review. See In re G.A.T., 16 S.W.3d 818, 828 (Tex.App.Houston [14th Dist.] 2000, pet. denied). When evaluating the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000).
When conducting a factual-sufficiency review, we view all of the evidence in a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex.Crim.App.1997). We will set the verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great weight and preponderance of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). Under the first prong of Johnson, we cannot conclude that a conviction is "clearly wrong" or "manifestly unjust" simply because, on the quantum of evidence admitted, we would have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 416 (Tex.Crim.App. Oct.18, 2006). Under the second prong of Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply because we disagree with the jury's resolution of that conflict. Id. Before finding that evidence is factually insufficient to support a verdict under the second prong of Johnson, we must be able to say, with some objective basis in the record, that the great weight and preponderance of the evidence contradicts the jury's verdict. Id. In conducting a factual-sufficiency review, we must also discuss the evidence that, according to the appellant, most undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App.2003).
We may not re-weigh the evidence and substitute our judgment for that of the fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App.2000). The fact-finder alone determines what weight to place on contradictory testimonial evidence because that determination depends on the fact-finder's evaluation of credibility and demeanor. Cain, 958 S.W.2d at 408-09. As the determiner of the credibility of the witnesses, the fact-finder may choose to believe all, some, or none of the testimony presented. Id. at 407 n. 5.
Analysis
When a person is justified in using force to protect a third person, it is a defense to prosecution. TEX. PEN.CODE ANN. §§ 9.02, 9.33 (Vernon 2003). A person is justified, under section 9.33, in using *486 force or deadly force to protect a third person if:
(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 [self-defense] or 9.32 [deadly force in defense of person] in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and
(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.
TEX. PEN.CODE ANN. § 9.33. A person defending on the grounds of defense of a third person stands in the shoes of the third person. Hughes v. State, 719 S.W.2d 560, 564 (Tex.Crim.App.1986). "So long as the accused reasonably believes that the third person would be justified in using [force] to protect himself, the accused may step in and exercise [force] on behalf of that person." Id. Thus, the use of force to protect a third person is justified in any situation in which the third person would be justified in using force to protect himself. Id. The law of self-defense provides, however, that the use of force is not justified where "the actor provoked the other's use or attempted use of unlawful force." TEX. PEN.CODE ANN. § 9.31(b)(4).
The evidence viewed in the light most favorable to the verdict shows that appellant stipulated to having knowingly caused bodily injury to Silva. Additionally, appellant, Silva, and Gomez all testified that Romero initiated the confrontation between the four young men. Because he provoked the use of force by Silva and Gomez, Romero would not have been justified in using force to protect himself. Appellant stands in Romero's shoes for purposes of evaluating appellant's defense of a third person defense. Because Romero's use of force was not justified, appellant was not justified in using force against Silva on behalf of Romero. A rational trier of fact could have concluded that the evidence failed to establish that appellant acted in defense of Romero. Thus, we hold that the evidence was legally sufficient to support the trial court's finding that appellant did not act in defense of a third person.
Accordingly, we overrule appellant's first issue.
As evidence contrary to the finding that he did not act in defense of Romero, appellant relies on the fact that Romero provoked only Silva's use of force. Stated differently, Romero did not provoke the use of force by Gomez, and, thus, appellant was justified in acting with force on Romero's behalf. It cannot be said that this evidence greatly outweighs the testimony indicating that Romero initiated the confrontation with both Gomez and Silva. Similarly, it cannot be said that this evidence renders the verdict manifestly unjust or clearly wrong. As a result, we hold the evidence was factually sufficient to support the finding that appellant did not act in defense of a third person.
Accordingly, we overrule appellant's second issue.

Witness Competency
In his third issue, appellant argues that the trial court erred in finding that D.D., a minor, was not competent to testify as an eyewitness to the fight between appellant, Romero, Gomez, and Silva. Appellant, however, has waived this contention.
To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. TEX R.APP. *487 P. 33.1.(a)(1), (a)(2). Simply stating "objection" is too general to preserve error. See Fierro v. State, 706 S.W.2d 310, 317-18 (Tex.Crim.App.1986). Specific grounds are required to inform the trial court of the basis of the objection, to afford the trial court the opportunity to rule on the objection, and to provide opposing counsel with an opportunity to supply further testimony. Maynard v. State, 685 S.W.2d 60, 64-65 (Tex.Crim.App.1985). Therefore, an objection is preserved for appellate review where the record shows that the trial court and opposing counsel were aware of the substance of a defendant's objection or where the correct ground of exclusion was obvious. Thomas v. State, 723 S.W.2d 696, 700-01 (Tex.Crim.App.1986).
Here, the record indicates that, after the trial court determined D.D. was not competent to testify, appellant's only response was "[o]h, come on." "Oh, come on" is not a sufficient objection stating the specific grounds for complaint. Because appellant did not make a sufficient objection at trial, no error has been preserved for our review. Appellant has, therefore, waived this contention.
Accordingly, we overrule appellant's third issue.

Conclusion
We affirm the trial court's judgment.