

NUMBER 13-13-00407-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**AMADO PEREZ,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

---

**On appeal from the 427th District Court
of Travis County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

A jury found Amado Perez guilty of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011) (defining burglary of a habitation). After Perez pled true to an enhancement allegation based on a previous conviction for burglary of a habitation, the jury assessed a prison sentence of forty

years.  *See id.* § 12.42(b) (West 2011) (stating that "if it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony . . . , on conviction the defendant shall be punished for a felony of the first degree"); *id.* § 12.32 (West 2011) ("An individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years.").  Perez now appeals by two issues in which he contends the following: (1) the evidence is insufficient to support the jury's verdict of guilt; and (2) the trial court erred in admitting certain testimony by Detective Gina Gaddy of the Austin Police Department that tended to connect Perez to a vehicle that was parked in the driveway of the house where the alleged offense occurred.  Because we conclude that the evidence was sufficient to support the jury's verdict and because we conclude that the error, if any, in the trial court's admission of Detective Gaddy's testimony was not preserved for our review, *see* TEX. R. APP. P. 33.1(a)(1), we overrule Perez's two issues and affirm the judgment of the trial court.

## I. BACKGROUND[1]

At trial, Officer Kyle Sargent of the Austin Police Department testified that on August 21, 2012, he was on patrol in southwest Austin when "a call came out as a burglary urgent hotshot," which is "a way for dispatch to notify . . . [police officers] that . . . [they] need to run lights and sirens, which is also Code 3."  Officer Sargent then testified in relevant part as follows:

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

I arrived on Edgeware and parked I believe it was the front of 1912, which is just west of 1910. I parked on the north side of Edgeware. And as I exited my patrol car I walked toward the front yard of 1910. I saw a white female standing in front of 1912 who stated the people that lived in 1910 weren't home. And I also noticed a tan older model Chevy Blazer in the driveway of 1910 Edgeware. . . .

I walked along the curb and about right here I saw the front door. There is a screen glass door in front of the main door that goes into the house. Both doors appeared to be closed. As I was checking the area I saw the front door open. As the front door opened I saw a Hispanic male just inside the doorway. He was wearing a red shirt, kind of loose fitting. When he saw me, he said, oh, shit, and shut the door and went back inside the house. . . .

So when I saw somebody was inside the residence, I asked for more officers to arrive on Edgeware to help me out. And then I also sent officers to Glen Allen, which is the street north of Edgeware, in case whoever was in the house went through the backyard. . . .

A little bit of time went by, I don't know, maybe a minute, and then I was still in the front yard approximately 20 or 30 feet away from the front door. I heard what sounded like a fence breaking in the backyard so I advised dispatch and other officers arriving on scene that the suspects or whoever was in the house were possibly going through the backyard. . . .

Officer Sargent then testified that another officer detained Perez and brought him to 1910 Edgeware Drive, where Officer Sargent was able to identify Perez as the person he saw standing in the doorway. At trial, Officer Sargent also identified Perez in the courtroom as the person he saw standing in the doorway. He testified that he was "[o]ne hundred percent certain" that Perez was the individual he saw standing in the doorway.

## II. SUFFICIENCY OF THE EVIDENCE

In his first issue, Perez contends that the evidence is insufficient to establish his identity as the individual who committed the offense of burglary of a habitation.

3

## A. Standard of Review

When we review the sufficiency of the evidence to support a verdict under the sufficiency standard set out in *Jackson v. Virginia*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). "This standard accounts for the fact[-]finder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (quotations omitted). "[W]e determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Id.* (quotations omitted). "Our review of all of the evidence includes evidence that was properly and improperly admitted." *Id.* "When the record supports conflicting inferences, we presume that the fact[-]finder resolved the conflicts in favor of the prosecution and therefore defer to that determination." *Id.* "Direct and circumstantial evidence are treated equally." *Id.* "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id.*

## B. Applicable Law

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of

proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quotations omitted).

In relevant part, the Texas Penal Code defines the offense of burglary of a habitation as follows: "A person commits an offense if, without the effective consent of the owner, the person . . . enters a habitation . . . not then open to the public, with intent to commit a felony, theft, or an assault . . . ." *See* TEX. PENAL CODE ANN. § 30.02(a)(1).

## C. Discussion

Perez contends that the evidence is insufficient to establish his identity as the individual who committed the offense of burglary of a habitation because Officer Sargent was twenty to thirty feet away and only saw the suspect for about two seconds before the individual shut the front door to the house. However, the finder of fact accepted Officer Sargent's testimony that he was "[o]ne hundred percent certain" that Perez was the individual he saw standing in the doorway. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978) ("The prosecutrix' identification of appellant as the man who raped her is sufficient."). We are reminded of this Court's proper role in conducting a sufficiency review:

> Under the *Jackson* standard, the reviewing court is not to position itself as a thirteenth juror in assessing the evidence. Rather, it is to position itself as a final, due process safeguard ensuring only the rationality of the factfinder. The court is never to make its own myopic determination of guilt from reading the cold record. It is not the reviewing court's duty to disregard, realign or weigh evidence. This the factfinder has already done. The factfinder, best positioned to consider all the evidence firsthand, viewing the valuable and significant demeanor and expression of the witnesses, has reached a verdict beyond a reasonable doubt.

5

*Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In sum, the evidence was sufficient because, on this record, a rational trier of fact could have found beyond a reasonable doubt that Perez was the individual who committed the burglary of a habitation. *See* TEX. PENAL CODE ANN. § 30.02(a)(1); *Jackson*, 443 U.S. at 324 (holding that a defendant "is entitled to . . . relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt"). Therefore, his first issue is overruled.

### III. EVIDENTIARY ERROR

In his second issue, Perez complains about the admission into evidence of the following testimony by Detective Gina Gaddy of the Austin Police Department that tended to connect Perez to a vehicle that was parked in the driveway of the house where the alleged offense occurred:

Q. Was the Chevy Blazer ever reported stolen?

A. No, ma'am.

Q. Did you try to process any prints in the truck?

A. Inside the truck, no, ma'am.

Q. Why not?

A. Because the person that was arrested had normal control of that vehicle so we didn't figure it was beneficial for us to process it.

On appeal, Perez complains about the testimony by Detective Gaddy that tended to connect him to the vehicle and thus to the scene of the crime; however, it is clear that Perez did not object to the testimony when it was offered on direct examination.[2] *See*

---

[2] Just prior to the testimony, the trial court held a hearing outside the presence of the jury, during which Perez objected to certain other testimony regarding statements made by the owner of the vehicle (who was not Perez) as being hearsay and on the grounds that he would not have an opportunity to

TEX. R. APP. P. 33.1(a)(1). We also note that on cross-examination, Perez elicited the following testimony from Detective Gaddy:

Q. Now, in response to some of the questions from the prosecutor you said that the vehicle was not worked on or dusted for prints; is that correct?

A. That is correct.

Q. And that is because you had information that at sometime in the past Amado Perez had been in that vehicle?

A. That's correct.

Q. Is it also correct that you do not know that he was in that vehicle on August the 21st of 2012?

A. I do not know that for sure.

"It is the general rule that when the defendant offers the same evidence to which he earlier objected, he is not in a position to complain on appeal." *Maynard v. State*, 685 S.W.2d 60, 65 (Tex. Crim. App. 1985). "This principle is better known as the doctrine of curative admissibility." *Id.* "There exists, however, a corollary to this rule[, which is] . . . that the harmful effect of improperly admitted evidence is not cured by the fact that the defendant sought to meet, destroy, or explain it by the introduction of rebutting evidence." *Id.* "Such testimony does not act as a waiver of the right to challenge the admissibility of the evidence originally admitted." *Id.*

In the case at bar, it could be argued that Perez was merely seeking "to meet, destroy, or explain" the testimony of Detective Gaddy by establishing that she could not be sure that he had been in the vehicle on the date of the offense. *Id.* However, we

cross-examine the declarant who was unavailable to testify at trial. The trial court sustained the hearsay objection, but it did not rule on the other objection. When the jury was brought back into the courtroom, the State resumed its direct examination of Detective Gaddy and elicited the foregoing testimony quoted above, which is at issue in this appeal.

need not decide that issue, *see* TEX. R. APP. P. 47.1, because we agree with the State that Perez did not preserve any error in the admission of the original testimony elicited on direct examination because he failed to make a timely objection when that evidence was offered. *See* TEX. R. APP. P. 33.1(a)(1); TEX. R. EVID. 103(a)(1) ("Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context . . . ."). Accordingly, his second issue is overruled.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of December, 2013.

8