ACCEPTED
01-14-00915-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/14/2015 10:36:20 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00915-CR

In the
Court of Appeals
for the
First District of Texas
at Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/14/2015 10:36:20 PM

CHRISTOPHER A. PRINE
Clerk

─────────◆─────────

## No. 11-DCR-058577A

In the 268th District Court
Fort Bend County, Texas

─────────◆─────────

## EDWIN ALVAREZ

*Appellant*

V.

## THE STATE OF TEXAS

*Appellee*

─────────◆─────────

APPELLANT'S BRIEF

─────────◆─────────

**MANDY MILLER**

Attorney for Edwin Alvarez
State Bar No: 24055561
2910 Commercial Ctr. Blvd., Ste. 103-201
Katy, TX 77494
(832) 900-9884
Fax: (877) 904-6846
mandy@mandymillerlegal.com

APPELLANT REQUESTS ORAL ARGUMENT

# IDENTIFICATION OF THE PARTIES

Pursuant to TEX. R. APP. P. 38.2(a)(1)(A), a complete list of the names of all interested parties is provided below.

Counsel for the State:

**John Healy** — District Attorney of Fort Bend County

**John Harrity** — Assistant District Attorney on appeal

**Laurel Ellisor and Suzy Morton** — Assistant District Attorneys at trial

Appellant or criminal defendant:

**Edwin Alvarez**

Counsel for Appellant:

**Brian Middleton** — Counsel at trial

**Mandy Miller** — Counsel on appeal

Trial Judge:

**Hon. Brady Elliot and Hon. Reagan Clark**

# TABLE OF CONTENTS

IDENTIFICATION OF THE PARTIES ...........................................................................1

INDEX OF AUTHORITIES......................................................................................3

STATEMENT OF THE CASE...................................................................................5

STATEMENT OF FACTS .......................................................................................5

SUMMARY OF THE ARGUMENT ............................................................................8

APPELLANT'S FIRST POINT OF ERROR ...................................................................8

APPELLANT'S SECOND POINT OF ERROR ..............................................................14

CONCLUSION ..................................................................................................18

CERTIFICATE OF COMPLIANCE...........................................................................18

CERTIFICATE OF SERVICE..................................................................................19

# INDEX OF AUTHORITIES

## CASES

*Albrecht v. State,*
  486 S.W.2d 97 (Tex. Crim. App. 1972)................................................................11

*Dowling v. United States,*
  493 U.S. 342 110 S.Ct. 668, 674, 107 L.Ed.2d 708 (1990)..............................10

*Elkins v. State,*
  647 S.W.2d 663 (Tex. Crim. App. 1983) ...........................................................11

*Ex parte Granviel,*
  561 S.W.2d 503 (Tex. Crim. App. 1978) ........................................................9, 10

*Garcia v. State,*
  563 S.W.2d 925 (Tex. Crim. App. 1978) ...........................................................17

*Hammer v. State,*
  296 S.W.3d 555 (Tex. Crim. App. 2009) ...........................................................12

*Harris v. State,*
  No. 14-14-00152-CR, 2015 WL 4984560 (Tex. App--Houston
  [14th Dist.], no pet. h. Aug. 20, 2015)................................................................12

*In re Winship,*
  397 U.S. 358 (1970)............................................................................................13

*Maynard v. State,*
  685 S.W.2d 60 (Tex. Crim. App. 1985) .........................................................10, 11

*Montgomery v. State,*
  810 S.W.2d 372 (Tex. Crim. App. 1990) ...........................................................17

*Morris v. State,*
  833 S.W.2d 624 (Tex. App--Houston [14th Dist.] 1992, pet. ref'd)..........................10

*Mozon v. State,*
  991 S.W.2d 841 (Tex. Crim. App. 1999) ...........................................................15

*Parks v. State,*
  746 S.W.2d 738 (Tex. Crim. App. 1987) .......................................................10, 11

*Salazar v. State,*
  298 S.W.3d 273 (Tex. App.--Fort Worth 2009, pet. ref'd) .................................9

*State v. Vasquez,*
  230 S.W.3d 744 (Tex. App.--Houston [14th Dist.] 2007, no pet.) .....................9

*Turner v. State*,
754 S.W.2d 668 (Tex. Crim. App. 1988) .......................................................................10, 11

*United States v. Lovasco*,
431 U.S. 78397 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977) ...............................................10

*Univ. of Tex. Med. Sch. at Houston v. Than*,
901 S.W.2d 926 (Tex. 1995) ...............................................................................................9

*Williams v. State*,
662 S.W.2d 344 (Tex. Crim. App. 1983) .......................................................................10, 11

## STATUTES

TEX. CRIM. PROC. CODE ANN. § art. 38.072 (West Supp. 2014) ......................................13

TEX. CRIM. PROC. CODE ANN. § art. 38.37 (West Supp. 2004-05) ..................................11

TEX. CRIM. PROC. CODE ANN. art. 38.37 §2(b) (West Supp. 2014) ...........................9, 12

TEX. PEN. CODE ANN. § 22.011 (West Supp. 2014) ..........................................................13

TEX. PEN. CODE ANN. § 22.021 (West Supp. 2014) ..........................................................13

## OTHER AUTHORITIES

Senate Comm, on Criminal Justice, Bill Analysis, Tex. S.B. 12,
83d Leg. R.S. (2013) .........................................................................................................12

## RULES

TEX. R. APP. P. 38.2(a)(1)(A) ..............................................................................................1

TEX. R. EVID. 403 ...............................................................................................................15

**TO THE HONORABLE COURT OF APPEALS:**

## STATEMENT OF THE CASE

Appellant was charged by indictment with sexual assault of a child. (CR 22). A jury convicted appellant of the charged offense and sentenced him to 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice. (CR 287).

## STATEMENT OF FACTS

Yaneira Flores, whose family is originally from Honduras, spent her early years in New York with her family. (RR III 113, 117). Appellant, also Honduran, lived with his family across the street from Flores. (RR III 113, 117). Flores grew up with appellant and considered him like a brother. (RR III 113, 115). When appellant's family moved to Houston for work, Flores' family followed. (RR III 115).

When the complainant, C.A., was 10 years old, she moved from Honduras to Houston to live with Flores, her aunt. (RR III 18, 109). Flores also raised C.A.'s three siblings. (RR III 20, 108). The children called appellant "Uncle Edwin." (RR III 22). Appellant was C.A.'s favorite uncle and she considered him a father-figure. (RR III 32, 33).

Appellant had a long-time girlfriend, Shawndra Gipson. (RR III 23, 118). Shawndra and appellant raised Shawndra's nieces, S.G. and J.G., and nephew, G.J. (RR III 119). Flores and the children in her household would often socialize with

appellant, Shawndra, and S.G., J.G., and G.J. (RR III 119). Flores would often let C.A. and her siblings spend the night with Shawndra and appellant. (RR III 121).

When appellant and Shawndra broke up, appellant moved from an apartment to a home in Richmond, Texas. (RR III 25, 123). Even after the breakup, all of the children would go to appellant's home for sleepovers. (RR III 26, 124). The children would make pallets out of blankets in an upstairs bedroom and sleep there. (RR III 38).

In the summer of 2008, when C.A. was 14 years old, she was asleep at her aunt's home. (RR III 34, 64). After going out, appellant stopped by the home and asked if any of the kids wanted to come sleep at his house. (RR III 34). C.A., thinking other kids were there, agreed. (RR III 35, 36). When they arrived at appellant's home, C.A. went upstairs to the kids' room to go back to sleep. (RR III 38).

C.A. testified that appellant asked her to come in his room to watch a movie. (RR III 39). C.A. laid on appellant's bed, on her stomach, with her feet towards the pillow. (RR III 40). She fell asleep shortly after the movie started. (RR III 41). C.A. testified that she woke up to appellant sitting by her side and rubbing her legs with his hands. (RR III 42, 43). She claimed that appellant began kissing her neck and taking her clothes off. (RR III 44, 46). Appellant then took her pants and underwear off and placed his penis in her vagina. (RR III 47). C.A. testified that she attempted to

6

push appellant away, but he held her arms down. (RR III 49). Afterwards, C.A. took a shower and fell asleep in the kids' room. (RR III 56).

During the summer of 2009, a mutual friend, Kimberly Holmes, brought a concern she had regarding appellant's behavior to Flores' attention. (RR III 125). As a result of this conversation, Flores called C.A. and asked her whether anything had ever happened between C.A. and appellant. (RR III 129). C.A. denied that anything ever occurred. (RR III 74, 129). Flores then told C.A. that appellant was claiming that C.A. had approached him inappropriately. (RR III 129). C.A. became upset and said it was a lie and told Flores appellant assaulted her. (RR III 130).

Appellant was indicted for sexually assaulting C.A. (CR 22). Appellant was tried in August of 2013, but the jury could not unanimously decide whether appellant was guilty of the offense. In March 2013, the State filed a motion to admit evidence of extraneous acts of sexual abuse committed by appellant on S.G. and J.G.[1] in accordance with article 38.37 of the Texas Code of Criminal Procedure. (CR 63). After a hearing and over appellant's objections, the trial court granted the State's motions and allowed the admission of the extraneous evidence. (RR 38.37 hearing; CR 64).

During trial, S.G. and J.G. testified to sexual abuse they allegedly suffered at the hands of appellant. (RR IV 5-140). Appellant lodged objections challenging the

---

[1] S.G. and J.G. testified to several instances of sexual abuse committed by appellant both in Harris and Fort Bend County. Because appellant does not challenge the sufficiency of the evidence to support a finding of admissibility under Texas Code of Criminal Procedure 38.37, a detailed account of the allegations is unnecessary for the purposes of this brief.

7

constitutionality of the statute, that the evidence's probative value was substantially outweighed by the danger of unfair prejudice, and that the statute ---ex post facot----? (RR III 133; RR IV 18). The jury was provided a limiting instruction that they could only consider the evidence if it was found to be true beyond a reasonable doubt. (RR IV 6, 157). The jury convicted appellant of the charged offense and sentenced him to 20 years confinement in the institutional division of the Texas Department of Criminal Justice. (CR 287).

## SUMMARY OF THE ARGUMENT

Article 38.37 of the Texas Code of Criminal Procedure is unconstitutional because it violates defendants' right of due process and due course of law under the Fourth Amendment of the United States Constitution, Article 1, § 19 of the Texas Constitution, and Article 1, § 1.04 of the Texas Code of Criminal Procedure by depriving them the right to a fair trial, by infringing on the presumption of innocence, and by lowering the State's burden of proof.

Additionally, the trial court erred in allowing testimony that appellant sexually abused two other girls who were not the complainant in the present case because any probative value of the evidence was substantially outweighed by the danger of unfair prejudice. The balancing test required to admit evidence under Rule 403 of the Texas Rules of Evidence weighs in favor of excluding the extraneous evidence.

## APPELLANT'S FIRST POINT OF ERROR

The trial court erred in allowing evidence of extraneous sexual assaults allegedly committed by appellant to be admitted during the guilt/innocence phase of the trial because the statute authorizing the admission is unconstitutional[2].   Article 38.37 §(2)(b) provides:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

TEX. CRIM. PROC. CODE ANN. art. 38.37 §2(b) (West Supp. 2014)

Article 38.37 § (2)(b) of the Texas Code of Criminal Procedure violates appellant's right to due process as guaranteed under the Fifth and Fourteenth amendments, and due course of law as guaranteed by Article 1, § 19 of the Texas Constitution and Article 1, § 1.04 of the Texas Code of Criminal Procedure[3]. Specifically, the statute violates appellant's right to a fair trial by causing him to be tried not only for the offense charged.  It also infringes on appellant's presumption of innocence, and lessens the State's burden of proof.

---

[3] Texas' due course of law guarantees the same protections as the federal Due Process Clause.  *State v. Vasquez,* 230 S.W.3d 744, 750-51 (Tex. App.--Houston [14th Dist.] 2007, no pet.).  The two clauses are nearly identical and contain no meaningful distinctions in their respective clauses.  *Salazar v. State*, 298 S.W.3d 273, 279-80 (Tex. App--Fort Worth 2009, pet. ref'd) (citing *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 929 (Tex. 1995)).

Appellant bears the burden to establish that a statute is unconstitutional. *Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). And to establish a due process violation, it is appellant's burden to show that the challenged statute or rule violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions and which define the community's sense of fair play and decency." *Dowling v. United States*, 493 U.S. 342, 352-53, 110 S.Ct. 668, 674, 107 L.Ed.2d 708 (1990); *United States v. Lovasco*, 431 U.S. 783, 790, 97 S.Ct. 2044, 2049, 52 L.Ed.2d 752 (1977) (citations omitted).

An appellate court reviews the constitutionality of a statute in light of the presumption of the statute's validity. *Ex parte Granviel*, 561 S.W.2d at 511; *Morris v. State*, 833 S.W.2d 624, 627 (Tex. App--Houston [14th Dist.] 1992, pet. ref'd). The court will presume that the Legislature did not act unreasonably or arbitrarily in enacting the statute. *Ex parte Granviel*, 561 S.W.2d at 511.

An accused has the right to be tried only on the charged offense. *Turner v. State*, 754 S.W.2d 668, 671 (Tex. Crim. App. 1988); *Maynard v. State*, 685 S.W.2d 60, 66 (Tex. Crim. App. 1985). He may not be tried for some collateral crime or for being a criminal generally. *Parks v. State*, 746 S.W.2d 738, 739 (Tex. Crim. App. 1987); *Maynard,* 685 S.W.2d at 66; *Williams v. State*, 662 S.W.2d 344, 346 (Tex. Crim. App. 1983). Thus, evidence that the accused has committed other crimes wholly unrelated to the offense charged is ordinarily inadmissible. *Turner*, 754 S.W.2d at 671; *Maynard*, 685 S.W.2d at 66. Such evidence is inherently prejudicial because the accused has not

10

received notice that he will be called upon to defend against the extraneous charge, and his propensity to commit crimes is immaterial to whether he is guilty of the specific offense for which he is on trial. *Turner*, 754 S.W.2d at 672; *Williams*, 662 S.W.2d at 346; *Elkins v. State*, 647 S.W.2d 663, 665 (Tex. Crim. App. 1983).

But, in certain circumstances, the general policy precluding the admission of extraneous conduct must yield to other considerations. *Turner*, 754 S.W.2d at 672; *see also Albrecht v. State*, 486 S.W.2d 97, 100-01 (Tex. Crim. App. 1972). This is because some fact situations either mitigate the prejudicial effect of such evidence or justify the admission of such evidence despite the danger of unfair prejudice. *Turner*, 754 S.W.2d at 672; *Parks*, 746 S.W.2d at 739.

Prior to 2013, article 38.37 allowed for the admission of extraneous acts in the trial of certain sexual offenses committed against a child under 17 years of age. TEX. CRIM. PROC. CODE ANN. § art. 38.37 (West Supp. 2004-05). However, the extraneous acts were limited to those committed against the accuser at trial and were admissible to establish the state of mind of the defendant and the child and the relationship between the defendant and the child. *Id.* On September 1, 2013, the Legislature expanded the statute by permitting the admission of evidence that the defendant has committed certain offenses against a non-victim of the charged offense for any bearing the evidence may have on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant. TEX. CRIM. PROC. CODE ANN. art. 38.37 §2(b) (West Supp. 2014).

11

Due to the heinous nature of sexual crimes against children, the legislative history behind Section 2(b) reflects that it was enacted to "give prosecutors additional resources to prosecute sex crimes committed against children." *Harris v. State*, No. 14-14-00152-CR, 2015 WL 4984560, at *5 (Tex. App.--Houston [14th Dist.], no pet. h. Aug. 20, 2015) (*citing* Senate Comm, on Criminal Justice, Bill Analysis, Tex. S.B. 12, 83d Leg. R.S. (2013)). This Court also noted that "[t]he Court of Criminal Appeals has also recognized that '[s]exual assault cases are frequently 'he said, she said' trials in which the jury must reach a unanimous verdict based solely upon two diametrically different versions of an event, unaided by any physical, scientific, or other corroborative evidence.'" *Harris*, 2015 WL 4984560, at *5 (citing *Hammer v. State*, 296 S.W.3d 555, 561-62 (Tex. Crim. App. 2009)).

This Court, in *Harris*, has taken the Court of Criminal Appeals' dicta out of context. In *Hammer,* the Court reversed the court of appeals and found that the trial judge abused her discretion in excluding some of the evidence appellant offered to demonstrate the complainant's motive to falsely accuse him of molestation. *Hammer*, 296 S.W.3d at 558. Unlike in *Harris*, the Court was not considering the constitutionality of a statute allowing for the admission of extraneous acts against a defendant. And in noting that sexual assault cases are frequently "he said, she said," the *Hammer* Court impressed the importance of allowing evidence that may bear upon the credibility of the complainant and aid in the defense to the charged offense. *Id.*, at

12

562. The statement was not made to note the difficulties the State may have in maintaining its burden of proof.

The difficulty in proving that a criminal offense occurred cannot be justification for intruding on a defendant's constitutional rights. Children are a special section of society deserving of more protection due to their vulnerability and inability to protect themselves. However, the Legislature has, and does, account for this by making crimes against children punishable with higher penalties and allowing for the admission of outcry witness testimony. *See, e.g.*, TEX. PEN. CODE ANN. § 22.021 (West Supp. 2014) (aggravated sexual assault of a child is punishable as a first degree felony); *see also* TEX. PEN. CODE ANN. § 22.011 (West Supp. 2014) (sexual assault of a child is punishable as a second degree felony); TEX. CRIM. PROC. CODE ANN. § art. 38.072 (West Supp. 2014) (allows for the admission of particular hearsay statements in certain crimes against children).

What jury could acquit a defendant whom it did not believe committed the charged offense, when there is evidence that the defendant committed other acts of abuse on other complainants? Thus, the statute permits the jury to assume the defendant is guilty of the charged offense simply because he allegedly committed other similar acts, in violation of *In re Winship*. 397 U.S. 358, 364 (1970) (State must prove all elements of the charged offense beyond a reasonable doubt in order to obtain a conviction in accordance with the due process clause). The statute also

13

allows the State to convict appellant based on a burden of proof less than beyond a reasonable doubt and infringes on a defendant's presumption of innocence.

The admission of extraneous acts is inherently harmful. However, appellant suffered actual harm, as evidenced by a prior mistrial. Appellant was tried for the same offense in August 2013, prior to the enactment of article 38.37. That trial resulted in a hung jury. On March 3, 2014, a hearing was held to determine whether the extraneous testimony would be allowed before the jury. (RR 38.37 hearing). The evidence was admitted over objection and appellant was subsequently convicted. Evidence at both trials was presumably identical, except for that admitted pursuant to article 38.37[4]. Thus, appellant was clearly harmed by the extraneous evidence.

Although society's interest in protecting those least capable of protecting themselves is righteous and noble, it must not be at the cost of denying citizens basic, fundamental constitutional rights. This is especially in light of the fact that the Legislature has found ways to protect minors without encroaching on the right to a fair trial. Article 38.37 violates appellant's right to due process and due course of law. Accordingly, his conviction should be reversed and this cause remanded to the trial court for a new trial.

---

[4] In order to assess the harm suffered as a result of the evidence admitted pursuant to article 38.37, appellant requested that the appellate record be supplemented with the record from the first trial. This Court denied appellant's request.

14

## APPELLANT'S SECOND POINT OF ERROR

Extraneous evidence may be excluded if its probative value is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Even if extraneous evidence is admissible under article 38.37, such admission must yield to Texas Rule of Evidence 403. S.G. and J.G. testified that appellant committed multiple acts of sexual abuse with them over the course of several years. The trial court erred in admitting the testimony of S.G. and J.G. because its probative value was substantially outweighed by danger of unfair prejudice.

The relevant factors in determining whether the prejudice of an extraneous offense substantially outweighs its probative value include: (1) how compellingly the extraneous-offense evidence serves to make a fact of consequence more or less probable; (2) the potential the evidence has to impress the jury "in some irrational but nevertheless indelible way"; (3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense; and (4) the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.*, whether the proponent has other probative evidence available to him to help establish this fact, and whether this fact is related to an issue in dispute. *Mozon v. State,* 991 S.W.2d 841, 846-47 (Tex. Crim. App. 1999).

The first factor of the balancing test weighs in favor of excluding the evidence. S.G. and J.G. testified that appellant sexually abused them on several occasions. (RR IV 5-140). Their testimony did not establish that appellant committed the current offense. And no expert did, or would be permitted to, testify that, because appellant committed prior similar offenses, he was more likely to have committed the current offense. Thus the testimony regarding the extraneous acts did not serve to make a fact of consequence – whether appellant committed the charged offense – more or less probable.

Evidence of the extraneous acts, especially the lengths at which the State emphasized it to the jury, provided an avenue for the jury to conclude that appellant committed the charged offense in conformity with his character. S.G. and J.G.'s testimony takes up 125 pages in the record. (RR IV 5-130). The time it took to develop this evidence was extensive and distracted the jury from the charged offense. The State informed the jury of the extraneous acts during opening statement. (RR III 13, 14). And it even went so far as to inform the jury that S.G. and J.G.'s testimony could be used to determine appellant's character and that character includes that "[h]e likes to have sex with children, and he acted in conformity with that character when he forced himself on [C.A.]." (RR V 7, 11, 13). The State further argued that "[w]hen the defendant sexually assaulted [C.A.] he was exhibiting his true character, that's who he is. [S.G.] and [J.G.'s] testimony show his true character and his intent." The State

16

also argued that not only did the complainant deserve protection, but so did S.G. and J.G. (RR V 29).

The fourth factor weighs in favor of excluding the evidence. The State could have proven its case with the testimony of C.A. alone. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (A complainant's testimony alone is sufficient to support the jury's finding that sexual contact or penetration did in fact occur.). The State even acknowledged that it had met its burden of proof with only C.A.'s testimony.

> "The State has met [its] burden of proof in proving each of the elements of this offense beyond a reasonable doubt, and we did that at the end of [C.A.'s] testimony. We could have stopped the trial right then and there. Our burden would have been met. [C.A.'s] testimony proved each element of the offense, but we didn't. You also heard from [S.G] and [J.G.] and they told in detail whether it was about touching, both over and under the clothes, whether it was the defendant putting his penis in their vagina. The State presented that evidence to you beyond a reasonable doubt, so you could see the true character of the defendant."

(RR V 37).

The Rule 403 balancing test weighs in favor of excluding the extraneous evidence. Therefore, the trial court erred in failing to exclude the evidence. *See e.g., Montgomery v. State,* 810 S.W.2d 372, 396-97 (Tex. Crim. App. 1990) (Admission of evidence that defendant frequently walked around in front of his daughters naked and with an erection was an abuse of discretion in prosecution of defendant for indecency with a child, his daughters, inasmuch as State had no compelling need for the

17

evidence either to prove specific intent or to shore up testimony of daughters, evidence had only marginal probative value and danger of unfair prejudice was substantial.). Appellant's conviction should be reversed and this cause remanded for a new trial.

## <u>CONCLUSION</u>

Appellant respectfully urges this Court to sustain appellant's points of error, and remand the cause for a new trial.

/S/MANDY MILLER
Attorney for Edwin Alvarez
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

## CERTIFICATE OF COMPLIANCE

In accordance with the Texas Rules of Appellate Procedure, I hereby certify that appellant's supplemental brief, filed on February 11, 2015, has 3,470 words based upon a word count under MS Word.

/S/**MANDY MILLER**
Attorney for Edwin Alvarez

## CERTIFICATE OF SERVICE

Appellant has mailed a copy of the foregoing instrument to counsel for the State of Texas at the following address:

John Harrity
Fort Bend County District Attorney's Office
john.harrity@fortbendcountytx.gov

/s/**MANDY MILLER**
Attorney for Edwin Alvarez
2910 Commercial Center Blvd., Ste. 103-201
Katy, TX 77494
SBN 24055561
(832) 900-9884
FAX (877) 904-6846
mandy@mandymillerlegal.com

Date: September 14, 2015